Alfredo ARELLANO, Appellant,

v.

MARYLAND CASUALTY COMPANY, Appellee.

No. 5244.

Court of Civil Appeals of Texas.

El Paso.

April 9, 1958.

Francis S. Ainsa, R. P. Langford, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, William Duncan, El Paso, for appellee.

HAMILTON, Chief Justice.

This is a suit brought by appellant against Maryland Casualty Company on an automobile liability and physical damage policy. The case was tried before the court without a jury, and judgment was rendered that plaintiff take nothing, from which judgment plaintiff now appeals.

On or about October 29, 1955 plaintiff's daughter, Blanca Arellano, was injured in an automobile accident while riding in an automobile owned by a third party. Her injuries resulted in medical and surgical expense to plaintiff in excess of $500.

At the time of the accident appellant was insured with appellee under an automobile liability and physical damage policy through which appellant was insured, among other coverage, with a coverage termed "Extended Medical payments". The coverage protected the plaintiff and "while residents of the same household as the named insured, his spouse and the relatives of either."

The record reflects that appellant's daughter and wife were residing at 1822 Nevada Street, El Paso, in March, 1954; that he, appellant, moved out of said residence in March 1954 because of his wife's health and a disagreement regarding their son, and said he was figuring on taking her to a doctor, but had not done that yet. Appellant said he could have moved back if he wanted to or was ready to, and that he figured on returning home as soon as his wife recovered from her condition. Appellant testified that he lived at his place of business at 604 Myrtle Avenue for four months, and then rented a room with the use of a bath at 600 Myrtle Avenue. He did not sleep or spend any leisure time at the address of 1822 Nevada Street where his wife and daughter lived. He had his personal belongings at his room, but had left some clothing at the address at 1822 Nevada Street which he had not worn for two years. The record further shows that appellant owned the house where his wife and daughter were residing, that he paid all of the utilities part of the time and was paying part of them at the time of the trial; that he declared his house as his homestead; that he had never legally separated from his wife nor had any divorce action been filed.

Appellant contends that the trial court was in error in holding that his daughter was not a member of his household and denying recovery under the policy.

In order for appellant to recover for the $500 expended for appellant's daughter as a result of said accident he must prove that the daughter was a resident of the same household as that of the appellant at the time of the accident. This was a question of fact to be determined by the trial court, and the trial court from the evidence submitted found that the appellant had not discharged this duty.

We hold that the trial court did not abuse his discretion in so holding, and that there was sufficient evidence upon which to base such holding. It appears that appellant not only had to prove that the person injured was a daughter or relative of the insured, but must also prove that she was living with the insured under the same roof. In Barrett v. Commercial Standard Ins. Co., Tex. Civ.App., 145 S.W.2d 315, 318 (no writ history); where the policy insured the automo-

bile against theft except for a theft committed by a person or persons in the insured's household, the court said:

" 'Household' is defined by Webster's New International Dictionary as: 'Those who dwell under the same roof and compose a family; a domestic establishment; family.' Murray's Oxford Dictionary says: 'The members of a house collectively; an organized family, including servants or attendants dwelling in a house; a domestic establishment.' To the same effect is the Century Dictionary. The foregoing definitions were relied upon by the court in Ocean Accident & Guaranty Co., Ltd. v. Schmidt, 6 Cir., 46 F.2d 269. That court also cites Arthur v. Morgan, 112 U.S. 495, 499, 5 S.Ct. 241, 243, 28 L.Ed. 825, wherein it is said: 'Persons who dwell together as a family constitute a "household." ' "

The judgment of the trial court is affirmed.