386 P.2d 852

Lynn BIALAC, Appellant,

v.

Jerry BIALAC, Appellee.

No. 7760.

Supreme Court of Arizona,

In Division.

Nov. 20, 1963.

Johnson & Roberts & Bluemle, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

LOCKWOOD, Justice.

Lynn Bialac appeals from an order dismissing her divorce proceeding againt Jerry Bialac. The lower court dismissed her complaint for lack of jurisdiction after concluding her husband's residence was in California at all times material to her divorce action.

■ To maintain this divorce action, appellant, at the time of filing her complaint, must have been "an actual bona fide resident of the state for one year." A.R.S. § 25–311. Since appellant and appellee had been living together within the year preceding the filing of the complaint in this action, appellant's residence depends upon that of her husband. See Carlson v. Carlson, 75 Ariz. 308, 256 P.2d 249 (1953). Consequently, the sole issue in this case is the domicile of the husband, the appellee.[1]

■ The key factor, when determining domicile, is intent. The requisite intent, as

evidenced by the conduct of a person in question, becomes a question of fact. Clark v. Clark, 71 Ariz. 194, 225 P.2d 486 (1950). Consequently, we will examine the record in this case to determine whether the evidence supports the lower court's finding that appellee's domicile was in California.

Although there was some conflict in the evidence, it appears substantially as follows: Appellant and appellee came to Phoenix with their two children in May of 1958. Appellee was to perform certain duties as President and General Manager of Park Lee Alice Corporation, in which he owned an interest worth more than $718,000. Since coming to Phoenix the parties have spent more time here than in any other place. Appellee commenced building a house costing in the neighborhood of $65,000 designed especially as a home for his family. Most of appellee's assets were located in Arizona. Since coming to Phoenix in 1958 the Bialac children had attended school in Phoenix. Both plaintiff and defendant had Arizona driver's licenses, and their two cars were registered in Arizona. When applying for a residential loan, appellee submitted a financial statement to the bank, giving his address as Phoenix, Arizona. Appellee received com-

---

1. Although A.R.S. § 25–311 uses the term "resident", this term contemplates the same attributes as "domicile". See Sneed v. Sneed, 14 Ariz. 17, 123 P. 312, 40 L.R.A.,N.S., 99 (1912), construing this statute and holding that "actual bona fide resident" means "a person who is in Arizona to reside permanently, and who, at least for the time being, entertains no idea of having or seeking a permanent home elsewhere."

pensation for his work with the Lee Alice Apartments from Los Angeles, California. Both appellant and appellee were registered voters of and voted by absentee ballot in California in 1960. Appellee never paid any state income taxes in Arizona, and paid both state and federal income taxes in California. After leaving California in 1958 and until the date of the hearing, appellee maintained an apartment in Los Angeles, where he stopped occasionally when he went on a trip to California. On business trips out of Arizona to New York and California, appellee charged his hotel expenses and gave as his residence Beverly Hills, California.

■ We will not substitute our opinion where the trial court has reasonably resolved conflicting evidence. Collier v. Collier, 73 Ariz. 405, 242 P.2d 537 (1952); Lundy v. Lundy, 23 Ariz. 213, 202 P. 809 (1922). The trial court considered all the evidence and concluded appellee's domicile was in California. Sufficient evidence supports the trial court's conclusion and we will not disturb its finding. Since appellant's domicile depends on her husband's, Carlson v. Carlson, supra, the dismissal for lack of jurisdiction was proper.

Judgment affirmed.

BERNSTEIN, C. J., and UDALL, V. C. J., concur.