(623 P.2d 513)

No. 51,090

CLYDE MCAVOY PERRY, *Appellee,* v. NORMA JEAN PERRY, *Appellant.*

Opinion filed January 23, 1981.

*James F. Richey,* of Wichita, for the appellant.

*William Cather,* of Wichita, for the appellee.

Before FOTH, C.J., MEYER, J., and HARRY G. MILLER, District Judge Retired, sitting by designation.

FOTH, C.J.: Plaintiff husband was granted a default divorce in November, 1978. The defendant wife had been personally served

in Virginia in July, 1978, but never appeared in the Kansas action. The decree included provisions for child custody, child support, property division, and alimony. In January, 1979, the wife filed a motion under K.S.A. 60-260(*b*) to set aside the judgment on two grounds: (1) the plaintiff husband was not a resident of Kansas when he filed the petition, and (2) the Kansas court acquired no in personam jurisdiction over her because she was not and had never been a resident of Kansas.

Requests for admissions and interrogatories were served, answered and filed. On the basis of these documents, the file and the arguments of counsel, the trial court overruled the motion to vacate. The wife appealed and docketed this appeal. While the appeal was pending, she filed an "amended motion" in the district court which was also overruled in due course. No appeal was taken from this latter ruling, although she argues its propriety in her brief.

We conclude at the outset that the "amended motion" is not before us. As an "amendment" it could not be considered by the trial court while the appeal from the order on the original motion was pending in this court. *Darnall v. Lowe,* 5 Kan. App. 2d 240, 242, 615 P.2d 786 (1980). As a second motion to vacate, even though it raised additional issues, it was barred by res judicata, a doctrine urged by plaintiff's counsel when the "amended" motion was heard. *Satterfield v. Satterfield,* 221 Kan. 15, 558 P.2d 108 (1976); *Coffey, Administrator v. Gilbert,* 204 Kan. 305, 307, 461 P.2d 747 (1969). In any event, the failure to appeal precludes our consideration of claims based on the later document.

Argument on the original document was largely devoted to the proposition that plaintiff was not "an actual resident of the state for sixty (60) days next preceding the filing of the petition" for divorce as required by K.S.A. 60-1603(*a*). The evidence showed the plaintiff was a resident of Kansas when he joined the Navy in 1955, and had been in service continuously ever since. At the time of filing he was stationed in Japan. He always claimed Kansas as his residence when reenlisting; voted absentee here as late as 1968 or 1972; never voted elsewhere; and continuously carried a Kansas driver's license.

For the purpose of divorce jurisdiction "residence" is substantially the equivalent of "domicile." *Irvin v. Irvin,* 182 Kan. 563, Syl. ¶ 1, 322 P.2d 794 (1958). The word "actual" in our present

statute means to us no more than "bona fide," *i.e.,* having an *intent* to reside here. *Cf., Craig v. Craig,* 143 Kan. 624, 56 P.2d 464 (1936). Thus a bona fide resident (domiciliary) of this state could take a two-month vacation abroad and still file for divorce here the day he or she returned to Kansas. The temporary absence would not mean that such a plaintiff was not an "actual resident" of this state during those two months.

Likewise, one does not lose one's residence (domicile) by mere physical presence elsewhere unless that presence is accompanied by an intention to abandon the old residence and adopt the new. *Irvin v. Irvin,* 182 Kan. 563, Syl. ¶ 2. See also *Lines v. City of Topeka,* 223 Kan. 772, 577 P.2d 42 (1978); *In re Estate of Phillips,* 4 Kan. App. 2d 256, Syl. ¶¶ 2, 3, 604 P.2d 747 (1980).

Government employees, and particularly servicemen, may retain the residence from which they entered service no matter how long they are physically away, so long as there is no intent to change. *Carpenter v. Carpenter,* 30 Kan. 712, 2 Pac. 122 (1883); Annot., Divorce-Domicile-Soldier or Sailor, 21 A.L.R.2d 1163, 1180. The burden of proving a change in a person's residence is upon the one who asserts it. *In re Estate of Phillips,* 4 Kan. App. 2d 256, Syl. ¶ 4.

Here, the trial court found that defendant had failed to meet her burden of showing that plaintiff had ever abandoned his Kansas residence. As a whole, the evidence showed he had not; there was certainly no evidence to compel a finding that he ever intended to establish a residence (domicile) elsewhere. Under familiar rules of appellate review we must accept the trial court's ruling on this issue.

The wife's second argument went to in personam jurisdiction, based on the fact that she was a resident of Virginia and had never resided here. Although scant argument was devoted to this point below, it was clearly raised by the motion and the discovery documents dealt with it. Plaintiff does not contend it is not a proper issue on appeal. The defendant contends that even if Kansas had jurisdiction to dissolve the marriage it lacked jurisdiction to grant ancillary relief by way of property division, etc. *Cf., Kendall v. Kendall,* 224 Kan. 624, 585 P.2d 978 (1978).

Personal service under the long arm statute would give in personam jurisdiction under K.S.A. 60-308(*a*) only if the wife was domiciled here or had "submitted to the jurisdiction of the courts

of this state." Otherwise, the service had only the effect of service by publication. *Cadwallader v. Lehman,* 202 Kan. 738, 451 P.2d 163 (1969); *Lillis v. Lillis,* 1 Kan. App. 2d 164, 563 P.2d 492 (1977).

There is no claim the wife was domiciled here at the time of service of process, and if there were there is no substantial evidence to support such a claim. The fact she drove her husband's car which bore a Kansas tag lacks any semblance of materiality to the issue of her residence; she also drove a car with Virginia tags. Any claim of her "submission" to Kansas jurisdiction must necessarily rest on K.S.A. 60-308(*b*)(8), "living in the marital relationship" here, then departing while her husband continued to reside here.

Although counsel argued otherwise, there was no *evidence* the wife ever "lived in the marital relationship" here. Answering the request for admissions, she related only a brief sojourn in 1969 while the family was en route from the husband's former station in Hawaii to his new post in Virginia, and a visit to her mother-in-law here in 1960 while her husband was at sea. The term "lived in the marital relationship" is the equivalent of "established a marital domicile." *Varney v. Varney,* 222 Kan. 700, 702, 567 P.2d 876 (1977). No marital domicile was shown to have existed in Kansas, so 60-308(*b*)(8) was not applicable.

We conclude that the trial court's implicit finding of in personam jurisdiction over the defendant was erroneous. Accordingly, those portions of the decree dealing with child custody and support, property division and alimony should have been set aside.

The order is affirmed insofar as it refused to set aside the granting of a divorce and reversed as to the failure to set aside the balance of the decree. The case is remanded for the entry of an order consistent with this opinion.