Thomas A. STEWART *v.* Ruby P. STEWART

CA 85-16                                    698 S.W.2d 516

Court of Appeals of Arkansas
Division II
Opinion delivered November 13, 1985
[Supplemental Opinion on Rehearing delivered
December 18, 1985]

*Terry R. Ballard*, for appellant.

*Patten & Brown*, for appellee.

GEORGE K. CRACRAFT, Judge. Thomas A. Stewart appeals from a decree of the chancery court of Grant County ordering a sale in partition of property owned with Ruby P. Stewart as an estate by the entirety. We agree that the chancellor erred in ordering partition in this case. The narrow issue presented by this appeal can only be brought into focus by a recitation of the events leading up to the appeal.

The parties were married in this state and maintained their marital domicile here for a number of years. After the marriage they acquired title to a 20 acre tract of land in Grant County, Arkansas, as tenants by the entirety. During the first week in September 1976 the appellee went to Springfield, Missouri, for the sole purpose of obtaining medical treatment for seizures. While there she stayed in the home of an uncle and was referred to a physician in Rice County, Kansas. She arrived in Kansas on or

about September 10, 1976 and undertook the desired medical treatment. While in Kansas appellee resided with family and friends.

On November 10, 1976 appellee filed suit for divorce in the Kansas court and service was had on the appellant by restricted mail pursuant to K.S.A. § 60-307(a) (1983). Service on a nonresident defendant in a divorce action under that section establishes jurisdiction *in rem* and not *in personam. Lillis* v. *Lillis*, 1 Kan.App.2d 165, 563 P.2d 492 (1977). Appellant did not appear, answer or otherwise plead in that action.

The parties thereafter briefly reconciled and the appellee returned to Arkansas and remained "a month or two" until marital problems redeveloped and she began having seizures again. She returned to Kansas for further medical treatment. In January 1977 she returned to Arkansas and resided in the marital home until early April 1977 when she again returned to Kansas. On April 4, 1977, a decree of divorce was granted to the appellee by the Kansas court which provided that "the proceeds from the sale of the 20 acre tract of Arkansas land which is in the process of being sold should be equally divided." A short time after the decree was entered the appellee again returned to Arkansas, remarried and has subsequently resided continuously in this state.

On March 14, 1984, the appellee brought this action for partition pursuant to Ark. Stat. Ann. § 34-1801 (Supp. 1983) which permits partition of lands held by the entirety where the owners have been divorced and neither occupies the land as a homestead. Appellee introduced an authenticated copy of the Kansas decree. There was no evidence that either party resided on the property or maintained it as a homestead. The appellant answered admitting the ownership by the entireties but denying all other allegations of the complaint. By a proper motion appellant placed the validity of the Kansas divorce in issue.

The chancellor, relying on *Rogers* v. *Rogers*, 271 Ark. 762, 611 S.W.2d 178 (1981) ordered partition. *Rogers* holds that while a foreign divorce decree cannot dissolve an estate by the entirety to Arkansas land, a chancellor, under certain circumstances, may do so in a partition action and proceed with the division. Both the doctrine announced in *Rogers* and the applica-

tion of the pertinent portions of Ark. Stat. Ann. § 34-1801 (Supp. 1983) require that the tenants by the entirety be *validly* divorced. The sole issue presented is whether the Kansas divorce was a valid one subject to full faith and credit in our court. We conclude that it was not.

Subject matter jurisdiction for divorce in Arkansas can be based on less than domiciliary status. Actual presence for the required period of time is all that is required. Ark. Stat. Ann. § 34-1208.1 (Repl. 1962). Although Arkansas courts acquire subject matter jurisdiction in such cases based on actual presence within this state, Kansas requires that jurisdiction be based on domiciliary status.

■■ The applicable Kansas statute conferring subject matter jurisdiction in divorce actions is K.S.A. § 60-1603(a) (1983) which requires that a plaintiff filing an action for divorce be "an *actual* resident of the state for sixty (60) days next preceding the filing of the petition for divorce." The Kansas courts have declared that for the purpose of divorce jurisdiction the word "resident" is substantially the equivalent of "domicile" and the words "actual resident" in that statute mean bona fide residence, i.e., having an intent to permanently reside in Kansas. *Perry* v. *Perry*, 5 Kan.App.2d 636, 623 P.2d 513 (1981).

■■ Whether or not the Kansas court had subject matter jurisdiction must be determined by the law of that state and if the appellee did not have actual residence, as the courts of Kansas have defined that term, the court of Rice County had no subject matter jurisdiction to grant a valid divorce. The jurisdiction of that court may be impeached in a court in Arkansas because the appellant did not appear in Kansas to contest the issue of domicile. *Cooper* v. *Cooper*, 225 Ark. 626, 284 S.W.2d 617 (1955); *Anderson* v. *Anderson*, 223 Ark. 571, 267 S.W.2d 316 (1954).

■■ It is well settled that in order to effect a change of domicile from one place or state to another, there must be an actual abandonment of the first domicile, coupled with the intention not to return to it and there must also be a new domicile acquired by actual residence in another place or jurisdiction, coupled with the intent of making the last acquired residence a permanent home. *Phillips* v. *Sherrod Estate*, 248 Ark. 605, 453

S.W.2d 60 (1970); *Gooch* v. *Gooch*, 10 Ark. App. 432, 664 S.W.2d 900 (1984). This rule has also been adopted by the courts of Kansas. *Perry* v. *Perry, supra.* In both Arkansas and Kansas the burden of proving a change of domicile is on the person who asserts it. *Hart* v. *Hart*, 223 Ark. 376, 265 S.W.2d 950 (1954); *Perry* v. *Perry, supra.*

In the trial in the Arkansas court, in addition to the facts already recited, the appellee testified as follows:

Q. Was your intention in going to Kansas to see the physician or was it to establish a residence and live in Kansas?

A. No, I went there to see the doctor.

Q. So your intention was not to establish a residence in Kansas?

A. No . . . .

Q. All right, and at the time you were there, you were just there to see a physician, if I understand your testimony correctly.

A. That is right.

On the evidence presented we must conclude that a finding that the appellee had established a domicile in the State of Kansas is clearly erroneous. Although the evidence establishes that she was not continuously in that state for sixty days before the commencement of the action, no particular time is required for the establishment of a domicile. Appellee's presence in Kansas for a period as short as twenty-four hours, when accompanied with the requisite intent, could establish that status. By her own admission the appellee never had the requisite intent to establish a new permanent residence in Kansas. As the appellee has not proved that she became a domiciliary of the State of Kansas, the Kansas court lacked subject matter jurisdiction to grant a valid divorce, without which the chancery court of Grant County had no statutory authority to order partition of an estate by the entirety.

Reversed and dismissed.

CORBIN and MAYFIELD, JJ., agree.

Supplemental Opinion on Rehearing
December 18, 1985

CA 85-16                                        698 S.W.2d 519

GEORGE K. CRACRAFT, Chief Judge. The appellant petitions this court to rehear and reconsider its opinion of November 13, 1985, holding that the trial court lacked jurisdiction to order the sale in partition of the properties owned by the parties as tenants by the entirety. All of the arguments advanced in that petition were fully presented and considered by the court and found to be without merit. We do not reconsider them on a petition for rehearing pursuant to Rules of the Supreme Court and Court of Appeals Rule 20(g). In our original opinion we ordered the case reversed and dismissed. In the alternative the appellant asked that the cause be remanded rather than dismissed because there are "undelivered funds in the registry of the court which should be transferred to the purchaser if the partition sale is declared invalid." He also states that the purchaser's funds were paid to satisfy the mortgagee and the mortgaged debt should be transferred to the purchaser or the third party purchase be declared defective. The appellant states that an order of dismissal leaves no cause pending in the trial court which would authorize any further action by it.

There is nothing in the abstract, argument or request for relief presented to this court which indicates that a sale was had under the partition decree or that there were any proceedings subsequent to the date of the decree appealed from.

Our opinion of November 13, 1985 is reconsidered and supplemented for the limited purpose of permitting the chancellor to enter further orders with regard to any proceedings had

subsequent to the reversed decree which are not inconsistent with our opinion.

The cause is reversed and remanded with those directions.