(823 P.2d 216)
No. 66,291

KANSAS FARM BUREAU INSURANCE COMPANY, INC., *Plaintiff*, and THE FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Involuntary Plaintiff*, v. CYNTHIA A. REYNOLDS, *et al.*, *Defendants/Appellants*, and FARMERS INSURANCE COMPANY, *Intervenor/Appellee*.

Opinion filed December 20, 1991.

*Michael K. Schmitt*, of Finley, Miller, Cashman, Weingart & Schmitt, of Hiawatha, for appellant.

*N. Jack Brown*, of Boddington & Brown, Chtd., of Kansas City, for appellee.

Before LARSON, P.J., RULON, J., and ROBERT C. HELSEL, District Judge Retired, assigned.

LARSON, J.: Cynthia Reynolds appeals, alleging an erroneous jury instruction as to the burden of proving residency under an insurance policy.

Cynthia's daughter, Sheila Reynolds, died as the result of a two-vehicle accident. The liability limits on the vehicle that collided with Sheila's car were appreciably lower than the underinsured motorist coverage limits on two separate cars owned by Cynthia and insured with Farmers Insurance Company (Farmers).

Cynthia, as conservator of Sheila's daughter and sole heir, Ashleigh Nichole Reynolds, alleged her Farmers policy covered Sheila because insureds included "family members." A family member was defined in the insurance policy as "a person related to you by blood . . . who is a resident of your household."

The critical issue was Cynthia's claim and Farmers' denial that Sheila was a resident of Cynthia's household at 611 North Third Street, Hiawatha, Kansas, at the time of her death.

This case began as an interpleader action in which Cynthia was a defendant. Farmers was permitted to intervene. The issue of residency was decided by a jury trial in which Cynthia made the opening statement, went forward with her evidence first, and presented opening and closing jury arguments.

After completion of all evidence, the trial court proposed and gave, over Cynthia's objection, the following instruction:

"Cynthia A. Reynolds, guardian and conservator for Ashleigh N. Reynolds, claims that at the time of the death of Sheila Reynolds, Sheila Reynolds had established her residence at 611 North Third, Hiawatha, Kansas.

"Cynthia A. Reynolds has the burden to prove that her claims are more probably true than not true."

Cynthia argued that once she had shown that Sheila had established a residency at her house, the burden shifted to Farmers to prove Sheila had changed her residence. Cynthia's proposed instruction so stating was not given.

The jury verdict, rendered by a unanimous vote, was that, "at the time of her death, Sheila Reynolds was not a resident of the household of her mother."

The sufficiency of the evidence to justify the verdict is not an issue on appeal. The evidence was contradictory, which gives credence to Cynthia's contention that if the burden of proof was shifted to Farmers a different result would have been reached by the jury.

Cynthia concludes the issue is whether Sheila had changed her residence and cites an estate case, *In re Estate of Phillips*, 4 Kan. App. 2d 256, 604 P.2d 747, *rev. denied* 227 Kan. 927 (1980), and a divorce case, *Perry v. Perry*, 5 Kan. App. 2d 636, 623 P.2d 513 (1981), in support of her position. Both cases held the burden of proving a change in residence is on the party who asserts the change, but this is not the determinative issue herein.

The critical issue, simply stated, is:

*Was the jury properly instructed as to the burden of proof in determining if Sheila was a member of Cynthia's household at the time of Sheila's death?*

Our standard of review on appeal of the alleged erroneous jury instruction was set forth in *Trout v. Koss Constr. Co.*, 240 Kan. 86, 88, 727 P.2d 450 (1986):

"It is the duty of the trial court to properly instruct the jury upon the theory of the case. Errors regarding jury instructions will not demand reversal unless they result in prejudice to the appealing party. Instructions in any particular action are to be considered together and read as a whole, and where they fairly instruct the jury on the law governing the case, error in an isolated instruction may be disregarded as harmless. If the instructions are substantially correct, and the jury could not reasonably be misled by them, the instructions will be approved on appeal."

Counsel have not cited to us nor has our research located any Kansas case directly on point regarding the issue of the burden to prove residency sufficient to make a family member an insured under underinsured motorist coverage.

It is the general rule that the insured has the burden of proving the loss sustained was one that comes within the coverage of the policy. 19 Couch on Insurance 2d § 79:345 (rev. ed. 1983) (citing *U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.,* 6 Kan. App. 2d 244, 245-46, 627 P.2d 1147, *rev. denied* 229 Kan. 671 [1981]). 21 Appleman, Insurance Law and Practice § 12274 n.13 (rev. ed. 1980), cites *Southern Farm Bur. Cas. Ins. Co. v. Fields,* 262 Ark. 144, 553 S.W.2d 278 (1977), in stating the burden rests on an injured person to show she was an insured within the uninsured motorist coverage. *Arellano v. Maryland Casualty Company,* 312 S.W.2d 701 (Tex. Civ. App. 1958), was also cited in Appleman § 12275 n.14 for the rule that the burden rested on the named insured to prove that her daughter, who was injured in an automobile accident while riding in an automobile owned by a third party, was a resident of the same household as the named insured.

*U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.,* 6 Kan. App. 2d 244, involved damage to school buildings from a tornado. In ruling on the issue of who had the burden of proving the extent of the loss, our court stated:

"For many years, the law has recognized that the insured has the burden of proof to establish the nature and extent of any loss and that the loss claimed was caused by one of the perils insured against ('covered') by the policy. The only exception to this rule pertains to exclusionary clauses within the policy, with respect to which the insurer has the burden of proof. See *Baugher v. Hartford Fire Ins. Co.,* 214 Kan. 891, Syl. ¶ 5, 522 P.2d 401 (1974), and *Insurance Co. v. Heckman,* 64 Kan. 388, 67 Pac. 879 (1902). Based upon these authorities, we conclude that the burden of proof in this

cause is on the plaintiff to prove the nature and extent of its loss, whether 'total' (within the meaning of K.S.A. 40-905) or not, and that the loss was 'covered' by the policy." 6 Kan. App. 2d at 245-46.

In *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 522 P.2d 401 (1974), a livestock auction company claimed insurance coverage for theft of cattle. Because the livestock had disappeared mysteriously, the burden of proof became a critical issue. Our Supreme Court stated:

"The distinction between 'coverage' provisions and exculpating or 'exclusionary' clauses in an insurance contract is the decisive factor in determining which party has the burden of proof on an issue, where coverage under the policy is disputed. The assured has the burden of proving that the loss was of a type included in the general coverage provisions of the insurance contract. (*Ruffalo's Truck Serv. v. National Ben-Franklin Ins. Co.*, 243 F.2d 949 [1957])." 214 Kan. at 900-01.

The first reported case by our modern-day Court of Appeals, *Clardy, Administrator v. National Life & Accident Ins. Co.*, 1 Kan. App. 2d 1, 5, 561 P.2d 892 (1977), states: "[O]ne who claims benefits under an insurance policy has the burden of showing that the injury suffered was of a type included in the general provisions of the insurance contract."

In *Clark Equip. Co. v. Hartford Accident & Indemnity Co.*, 227 Kan. 489, 491, 608 P.2d 903 (1980), *Baugher* was cited as authority for holding: "The assured has the burden of proving that the loss was of a type included in the general coverage provisions of the insurance contract." *Ron Henry Ford, Lincoln, Mercury, Inc. v. Nat'l Union Fire Ins. Co.*, 8 Kan. App. 2d 766, 770, 667 P.2d 907 (1983), held: "The initial burden of proving that a loss is of the type included within the coverage of an insurance policy is on the insured."

*U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.* states the insured has the burden to prove the "nature and extent of any loss and that the loss claimed was caused by one of the perils insured against ('covered') by the policy." 6 Kan. App. 2d at 245. *Baugher* places the burden on the assured to prove "that the loss was of a type included in the general coverage provisions of the insurance contract." 214 Kan. at 901. Although none of the Kansas cases cited directly hold that an insured has the burden

of proving who is covered under the policy, such a decision is the natural and logical extension of these cases.

Farmers is not claiming lack of coverage by any exclusionary provision of the policy in its denial that Sheila was a resident of Cynthia's household. The issue is one of inclusion and the burden of proving Sheila was included in the terms of the policy as a covered person most logically falls upon the insured.

We hold that under the circumstances in this case, the trial court correctly instructed the jury that Cynthia had the burden of proving Sheila was a resident of Cynthia's household at 611 North Third Street, Hiawatha, Kansas, at the time of Sheila's death.

The result we reach is not in conflict with the reasoning, logic, or result in either *Friedman v. Alliance Ins. Co.*, 240 Kan. 229, 729 P.2d 1160 (1986), or *Teter v. Corley*, 2 Kan. App. 2d 540, 541-42, 584 P.2d 651 (1978). Although both cases considered whether a family member was the resident of a household for insurance coverage purposes, neither addressed the burden of proof issue involved herein.

Cynthia has not raised any other objection, but it is clear that she had the right to argue to the jury the contention she makes on appeal because one of the instructions given stated in part that "a residence once established is presumed to continue until the same has been abandoned." This is a direct quote from *Teter* and followed *Estate of Schoof v. Schoof*, 193 Kan. 611, 612, 396 P.2d 329 (1964). The factors relied on to determine residency, which are set forth in detail in *Friedman*, 240 Kan. at 237, were the basis for another instruction in this case.

The instructions considered together and read as a whole fairly enlightened the jury on the law governing this case.

Affirmed.