(969 P.2d 913)

80,314

In re Marriage of DELORA M. ANDERSON, *Appellant,* and ALLAN J. ANDERSON, *Appellee.*

—

Opinion filed December 18, 1998.

*Cortland E. Berry,* of Cortland E. Berry Legal Clinic, of Newton, for appellant.

*Robert E. Keeshan,* of Hamilton, Peterson & Keeshan, for appellee.

Before ROYSE, P.J., MARQUARDT, J., and DAN D. BOYER, District Judge, assigned.

ROYSE, J.:    Delora Anderson appeals from the district court's decision that it lacked jurisdiction to modify an Arizona custody decree. We affirm.

Delora and Allan Anderson were divorced in Arizona. The Arizona custody decree, entered in December 1996, provided that they would share joint custody of their daughter, Amber. The decree designated Allan as the custodial parent, with reasonable visitation granted to Delora.

Delora has resided in Newton since 1995. In August 1997, she filed a petition in the Harvey County District Court, seeking modification of the custody decree. At that time, Amber was in Kansas for her summer vacation, pursuant to the Arizona custody decree.

Delora alleged in her petition that Allan's current address was unknown, but that he was working in Cedar Rapids, Iowa. Delora further alleged that during a period of two weeks in January, 1997, Allan had left Amber alone at a motel in Cedar Rapids while he went to work. After being contacted by police and an investigator, Allan made school and child care arrangements for Amber.

Delora urged that no state could be considered Amber's "home state," because Allan and Amber had left Arizona, but Amber had only lived in Iowa for 5 months. Delora asked that the Kansas court take jurisdiction, grant her temporary custody, and modify the Arizona custody decree.

Allan responded to Delora's petition by filing an affidavit with the court. He indicated that he still considered himself to be a resident of Arizona. He maintained Arizona license plates on his car and carried an Arizona driver's license. He was registered to vote in Arizona and paid income taxes to the State of Arizona. Finally, he stated that his employment in Iowa was a temporary situation and he had never intended to change his residence from the state of Arizona.

Following a hearing, the district court ruled that it did not have jurisdiction under K.S.A. 38-1314 to modify the Arizona custody decree. The court further declined to exercise emergency jurisdiction under K.S.A. 38-1303. Delora appeals.

Delora's first argument on appeal is that the district court's determination that it lacked jurisdiction under 38-1314 was not supported by substantial competent evidence. Specifically, Delora contends there was insufficient evidence that Arizona continued to be Amber's home state.

Where the district court has made findings of fact and conclusions of law, the function of an appellate court is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues may be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

Both Kansas and Arizona have adopted the Uniform Child Custody Jurisdiction Act (UCCJA). See K.S.A. 38-1301 *et seq.*; Ariz. Rev. Stat. Ann. § 25-431 *et seq.* (1998 Supp.). K.S.A. 38-1314(a) provides that a court of this state may not modify a custody decree of another state unless "(1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction." Also applicable to this issue is the Parental Kidnapping Prevention Act (PKPA): 28 U.S.C. § 1738A(d) (1994) provides that the original home state shall have exclusive continuing jurisdiction to modify a previous custody decree, so long as that state remains the residence of the child or of any contestant and any modification would also be valid under its own law. Annot., 83 A.L.R.4th 742, 745; *Michalik v. Michalik*, 164 Wis. 2d 544, 476 N.W.2d 586 (Wis. App. 1991); *Crump v. Crump*, 821 P.2d 1172, 1174-75 (Utah App. 1991).

Delora does not deny that Arizona was the home state of Amber and fully empowered to enter the original custody decree. Delora does not deny that Arizona law authorizes the Arizona court to

modify its decree. Her contention on appeal is that Arizona did not remain the residence of Amber or Allan.

Neither the UCCJA nor the PKPA define the term "residence." One court has determined that for purposes of the PKPA, the term residence refers to a litigant's legal residence or domicile. *McDougald v. Jenson*, 786 F.2d 1465, 1483 (11th Cir.), *cert. denied* 479 U.S. 860, *rehearing denied* 479 U.S. 1001 (1986). In that case, the court observed that to establish a new domicile, one must physically reside in a new location with the intent to make his home there permanently and that the temporary removal or absence from one's domicile with an intent to return will not establish a new domicile. 786 F.2d at 1467.

In the context of divorce matters, both Kansas and Arizona also treat the terms "residence" and "domicile" as synonyms. As stated in *Perry v. Perry*, 5 Kan. App. 2d 636, Syl. ¶ 3, 623 P.2d 513 (1981): "One does not lose one's residence (domicile) by mere physical presence elsewhere unless that presence is accompanied by an intention to abandon the old residence and adopt the new." See also *Sneed v. Sneed*, 14 Ariz. 17, 21-22, 123 P. 312 (1912) ("residence" in divorce statutes similar to "domicile;" the place where the person resides permanently, with no intention of having or seeking a permanent home elsewhere). Both states focus on intent in determining whether a person has changed residence. *Perry*, 5 Kan App. 2d at 638; *Bialac v. Bialac*, 95 Ariz. 86, 87, 386 P.2d. 852 (1963); see 24 Am. Jur. 2d, Divorce and Separation § 210, p. 375.

The district court had before it Allan's affidavit, in which Allan stated that his intent was to remain a resident of Arizona. That affidavit also established other factual circumstances which corroborated Allan's statement of intent: his car registration, driver's license, voter registration, and tax payments. In short, the record contains sufficient evidence to support the district court's determination that Arizona continued to be Allan's residence. The district court did not err by ruling that it lacked jurisdiction to modify the Arizona custody decree.

Delora's second argument on appeal is that the district court erred in finding she failed to present sufficient evidence of an emergency to warrant jurisdiction under K.S.A. 38-1303(a)(3).

A finding that a party has failed to sustain the burden of proof is a negative finding. Such a finding will not be disturbed on appeal, absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *Kansas Pipeline Partnership v. Kansas Corporation Comm'n*, 24 Kan. App. 2d 42, 52, 941 P.2d 390 (1997).

K.S.A. 38-1303(a)(3) provides in pertinent part that a court of this state may take jurisdiction to enter or modify a child custody decree if "the child is physically present in this state and . . . it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise a child in need of care." The comparable provision of the PKPA is found at 28 U.S.C. § 1738A(c)(2)(C).

The scope of emergency jurisdiction under 38-1303(a)(3) was discussed in *Beebe v. Chavez*, 226 Kan. 591, 602 P.2d 1279 (1979). In that case, the court found there was no emergency, because there was nothing which required or justified immediate action. 226 Kan. at 599. The court further quoted with approval from an article which indicated that emergency jurisdiction was intended to have a " 'very limited scope' " and to be " 'reserved for extraordinary circumstances.' " Such an emergency exists " 'when a child is in immediate danger from a source within the state's borders.' " 226 Kan. at 600, quoting *Bodenheimer*, 65 Cal. L. Rev. 978, 992-993 (1977). See *Castleberry v. Castleberry*, 541 So. 2d 457 (Miss. 1989) (emergency jurisdiction properly invoked where evidence showed immediate threat to the best interests of the child). See also *Curtis v. Curtis*, 574 So. 2d 24 (Miss. 1990) (no emergency jurisdiction under PKPA where no clear and present danger to children from letting court which entered original decree consider request for modification); *Schoeberlein v. Rohlfing*, 383 N.W.2d 386 (Minn. App. 1986) (no emergency jurisdiction under PKPA absent showing of present danger to children).

The emergency relied on by Delora in this case is the fact that Allan had left Amber alone in their hotel room in Iowa in January 1997. The situation had been resolved long before Delora filed this petition. Moreover, as the district court noted, the Iowa authorities concluded that Allan had made adequate arrangements for Am-

ber's care. Delora has not shown that the district court disregarded uncontroverted evidence, nor has she shown that the district court was motivated by bias, passion, or prejudice. The district court correctly applied the statute and properly determined that it did not have emergency jurisdiction under K.S.A. 38-1303(a)(3).

For her third argument, Delora asserts that the district court should have contacted Arizona to determine whether it was the more appropriate forum. Delora did not raise this point with the district court, so it is not properly before us. *Ripley v. Tolbert*, 260 Kan. 491, 513, 921 P.2d 1210 (1996). In any event, her argument mistakenly assumes that the district court had jurisdiction but declined to exercise it under K.S.A. 38-1307. That section provides that a court that has jurisdiction to enter or modify a custody decree may decline to exercise such jurisdiction on the grounds of inconvenient forum. Thus, by its terms, the statute only applies when the district court has jurisdiction under the UCCJA. It is not applicable once a court has determined it lacks jurisdiction.

Delora next argues that the district court should have conducted an evidentiary hearing before deciding the jurisdiction issue. She complains that she had no opportunity to present evidence or to cross-examine Allan. This argument is also not properly before us, because it is raised for the first time on appeal. During the scheduled hearing, Delora never once told the district court that she wished to present evidence on the jurisdiction issue or to cross-examine Allan.

Delora's final argument on appeal is that the district court failed to consider the best interests of the child in deciding whether to accept or decline jurisdiction. Delora predicates this argument on the mistaken assumption that Arizona did not have jurisdiction. Her argument further ignores the preference given to Arizona, under the PKPA, as the state where the initial custody decree was entered.

Affirmed.