NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

TAMMY S. HILEMAN, *Petitioner/Appellant*,

*v.*

STEPHEN A. HILEMAN, *Respondent/Appellee*.

No. 1 CA-CV 14-0859 FC
FILED 2-11-2016

Appeal from the Superior Court in Maricopa County
No. FN2011-094248
The Honorable Boyd W. Dunn, Retired Judge

**AFFIRMED**

COUNSEL

Tammy S. Hileman, Greensburg, IN
*Petitioner/Appellant*

Law Firm of M. Paul Fischer, PC, Mesa
By Thomas J. Griggs
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

¶1            Tammy S. Hileman ("Wife") appeals the superior court's denial of her motion to set aside a dissolution decree.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            In December 2011, Wife filed a verified petition in Maricopa County Superior Court seeking dissolution of her marriage to Stephen A. Hileman ("Husband").   In her petition, Wife alleged she had been "domiciled within the State of Arizona for more than ninety (90) days prior to the commencement of [her] action."  After a two-day trial more than two years later, the superior court entered a decree dissolving the parties' marriage and ordering division of their property and debts.  One month after the court entered the decree, Wife moved to set it aside, arguing the superior court lacked subject matter jurisdiction because she was not domiciled in Arizona as required by Arizona Revised Statutes ("A.R.S.") section 25-312(1) (2016).[1]  After briefing and oral argument, the superior court denied Wife's motion.

¶3            Wife timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

**DISCUSSION**

¶4            "[N]o state has jurisdiction to grant a divorce unless one of the spouses is a domiciliary of the state, for without such domicile there is no sufficient nexus between the state and the marriage relationship or status to entitle that state to put an end to the marriage." *Brandt v. Brandt*, 76 Ariz. 154, 158 (1953).  By statute, an Arizona court may enter a dissolution decree when "one of the parties, at the time the action was commenced, was domiciled in this state . . . [and] the domicile . . . has been maintained for ninety days prior to filing the petition for dissolution of marriage."  A.R.S.

---

[1]      Absent material revision after the relevant date, we cite a statute's current version.

§ 25-312(1). Domicile requires (1) physical presence and (2) an intent to remain for an indefinite period of time. *Lake v. Bonham*, 148 Ariz. 599, 601 (App. 1986). "[The] requisite intent [to establish domicile], as evidenced by the conduct of a person in question, becomes a question of fact." *Bialac v. Bialac*, 95 Ariz. 86, 87 (1963). We will not disturb the superior court's determination of domicile so long as sufficient evidence supports its conclusion. *Id.* at 88. In reviewing the superior court's findings of fact, we view the evidence in the light most favorable to supporting the court's decision. *Johnson v. Johnson*, 131 Ariz. 38, 44 (1981).

¶5        Wife first argues that because she was present in Arizona for less than two months just before she filed for divorce, the 90-day requirement was not met.[2] Wife's argument, however, misperceives the nature of domicile, which can be maintained despite a temporary absence from the state. *See Clark v. Clark*, 124 Ariz. 235, 236-37 (1979) (two-week trip to Pennsylvania during the 90 days prior to divorce filing did not change Arizona domicile).

¶6        More generally, although Wife argues she was not domiciled in Arizona when she filed the petition for dissolution, in her petition for dissolution and again at trial, she admitted she was domiciled in Arizona. Husband argues Wife accordingly is estopped from arguing on appeal that Arizona was not her domicile. *See Martin v. Wood*, 71 Ariz. 457, 459 (1951) ("[A] party who has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent proceeding involving the same parties and questions." (quotation omitted)). While judicial estoppel might apply, we nonetheless address the merits of Wife's appeal, given her assertion on appeal that she did not fully understand the meaning of "domicile" when she filed her petition.

¶7        In deciding Wife's motion to set aside the decree, the superior court considered a record that included evidence admitted during the dissolution trial, an affidavit by the attorney who represented Wife in that trial, and Husband's affidavit, which stated Wife had lived and worked in Arizona for many years before she met and married Husband in 2005. Husband's affidavit, as well as the affidavits from Wife's employer and attorney, indicated that Wife had maintained employment at an Arizona company from 2000 through at least 2010 and possibly through 2012. Wife's

---

[2]        Neither party disputes that at all relevant times, Husband was domiciled in Indiana.

minor son also continued to be enrolled in school in Arizona throughout the parties' marriage.

¶8 Wife's attorney's affidavit stated that Wife "presented herself as a permanent resident of Arizona, who maintained a second residence out-of-state at her husband's farm[.]" Wife did not dispute that she had lived in Arizona for many years, and even admitted in the parties' joint prehearing statement that "she filed for divorce in her home state of Arizona." Wife's attorney's affidavit stated that Wife had insisted on pursuing the divorce in Arizona because she did not want to return to Indiana ever again and because she considered Arizona to be her home.

¶9 After considering this evidence and hearing oral argument, the superior court concluded Wife was a domiciliary of Arizona. The court stated:

> Wife's actions regarding Wife's establishment and maintenance of an Arizona domicile, including the existence of a residence and a continuing business entity in Arizona, the retention of both an Arizona driver's license and voter registration and the exercise of the act of voting in this state, substantiates Wife's intent and state of mind regarding her Arizona domicile.

¶10 Wife argues the superior court erred because she was and continues to be domiciled in Indiana and not Arizona. Wife contends that she spent the majority of her time during the marriage in Indiana. She also points to tax returns indicating that she and Husband filed as Indiana residents and Arizona nonresidents.

¶11 Wife, however, admits that she is registered to vote in Arizona and that she maintains an Arizona driver's license. In her petition for dissolution, Wife alleged that she was employed by an Arizona employer. Wife admits that she spent every winter at the couple's home in Arizona. The superior court also found persuasive the fact that "Wife, through the representation of multiple legal counsel, provided verified pleadings as well as sworn testimony before the Court that Wife had been domiciled in the state of Arizona for 90 days prior to the filing of her original petition[.]" Notwithstanding Wife's subsequent assertion to the contrary, the superior court's determination was supported by sufficient evidence and we will defer to its findings. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

**CONCLUSION**

¶12        For the foregoing reasons, we affirm the superior court's order denying Wife's motion to set aside the judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama