IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 5, 2009 Session

**COURTNEY RENEE GOINS v. JERRY WAYNE GAY**

**Appeal from the Circuit Court for Bradley County**
**No. V-07-845     J. Michael Sharp, Judge**

**No. E2009-00272-COA-R3-CV - FILED JANUARY 21, 2010**

Upon petition of the Mother, the trial court entered an order modifying a Texas child support order and changing the support in accordance with the Tennessee Child Support Guidelines. The Father appealed, contending that the trial court improperly assumed jurisdiction and without authority, modified the Texas court child support order. We reverse in part as to the modification of the Texas court order, affirm in part as to the name change request, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part; Reversed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Phillip M. Jacobs, Cleveland, Tennessee, for the appellant, Jerry Wayne Gay.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee, Courtney Renee Goins.

**OPINION**

I. BACKGROUND

Courtney Renee Goins ("Mother") and Jerry Wayne Gay ("Father") were never married. A relationship in Tennessee resulted in the birth of their daughter ("Child") on July 17, 2006. Mother and Child are citizens and residents of Bradley County, Tennessee. During the pregnancy, Father moved to Texas -- he is a citizen and resident of Tom Green County, Texas. Father is in the United States Armed Forces, and stationed in Tom Green County, Texas.

In August 2006, Mother contacted the Bradley County Child Support office to initiate a child support enforcement action against Father pursuant to the Uniform Interstate Family Support Act ("UIFSA"). Mother executed the necessary paperwork to open a child support case claiming reimbursement for retroactive child support, medical expenses, and current child support. The affidavit signed by Mother was transmitted to authorities in Tom Green County, Texas, for prosecution. The Tennessee Child Enforcement Initial Request Form states that Tennessee is the initiating jurisdiction, acting pursuant to UIFSA, and requests the responding jurisdiction, Texas, to establish paternity and establish an order for child support, medical coverage, and other costs.

In accordance with UIFSA, in March 2007, the local child support office in Tom Green County, Texas, filed a Petition in the interest of the Child. On August 27, 2007, the 391st District Court of Tom Green County, Texas, issued a support order for the Child under the UIFSA. Among other things, the support order set child support payments and ordered Father to provide health insurance coverage for the Child.

On October 30, 2007, Mother filed a petition in the Circuit Court of Bradley County, Tennessee, to establish paternity and a permanent parenting plan, as well as to obtain additional monetary contributions from Father. In the petition, Mother alleged that Father was in arrears in child support and sought additional recovery for birthing and other medical expenses. Father filed an answer and counter-petition, likewise requesting the establishment of a parenting plan and asking the court to change the minor child's surname.

After the parties successfully mediated the parenting plan issues, a parenting plan was approved by the trial court on November 3, 2008. The case proceeded to trial after Father refused to pay birthing and medical expenses and child support pursuant to the Tennessee Guidelines. According to Father, Texas had continuing, exclusive jurisdiction over the support order.

A hearing was held on December 22, 2008. The trial court entered an order on January 15, 2009, ruling that Tennessee had jurisdiction over all matters in controversy, awarding retroactive medical expenses and child support, setting child support in accordance with the Tennessee Child Support Guidelines, and denying Father's request for a surname change.

Father timely appealed.

## II. ISSUES

Father presents the follow issues for review:

A.  Did the trial court err in modifying the support order previously issued by the Texas court, pursuant to the UIFSA?

B.  Did the trial court err in awarding retroactive child support, and medical and birthing expenses in contradiction to the Texas child support order?

C.  Did the trial court err in denying Father's request to change the surname of the minor child to Father's surname?

## III.  STANDARD OF REVIEW

The standard of review for a non-jury case is de novo upon the record.  *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995).  There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  For issues of law, the standard of review is de novo, with no presumption of correctness.  *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

## IV.  DISCUSSION

Whether a court has jurisdiction is a question of law, which we review de novo with no presumption of correctness.  *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)).  "The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." *Staats v. McKinnon*, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citations omitted). Parties cannot confer subject matter jurisdiction on a court by appearance, plea, consent, silence, or waiver.  *Id.* at 542 (citations omitted).

Father argues that the trial court lacked subject matter jurisdiction and personal jurisdiction in this matter.  Because the trial court lacked jurisdiction, Father contends, the trial court erred in modifying the Texas support order.  He asserts that Texas was the "responding state" and the "issuing state" with respect to the support order awarded pursuant to the Texas proceeding.  According to Father, the proceeding in Texas resulted in a final order of support, not a temporary order.  He points out that Texas pursued the support action on behalf of Mother, and she benefited from the action.  If she is dissatisfied with the result, Father contends that Texas is the proper place to seek modification of the support order.

Mother responds that the Texas court never had original or exclusive jurisdiction over the subject matter and never had personal jurisdiction over her.  Because the Texas court was

the responding state and responding tribunal, she was never obligated to register the Texas order as set forth in Tenn. Code Ann. § 36-5-2611. Mother further notes that the Bradley County court did not "modify" the order of another state; rather, the Tennessee court entered the appropriate order after correctly determining that Tennessee was the initiating state and tribunal with continuing subject matter jurisdiction and personal jurisdiction over Father.

Interstate jurisdictional questions regarding child support and arrearage matters are governed by UIFSA, Tenn. Code Ann. § 36-5-2001 *et seq*. The UIFSA "is comprehensive legislation aimed at establishing paternity and child support payments when parents live in different states." *State of Tennessee ex rel. Martin v. Kalmon*, E2007-00770-COA-R3-CV, 2008 WL 1813110, at *5 (Tenn. Ct. App. E.S., Apr. 23, 2008). The Act "controls the establishment, enforcement, or modification of support orders across state lines." *LeTellier v. LeTellier*, 40 S.W.3d 490, 493 (Tenn. 2001). UIFSA recognizes "that only one valid support order may be effective at any one time." Unif. Interstate Family Support Act, U.L.A. (1996) (prefatory notes). As observed by our Supreme Court, the concept of "continuing exclusive jurisdiction" is key to promoting UIFSA's purpose. *LeTellier*, 40 S.W.3d at 493. When a state issues a support order, that state has continuing exclusive jurisdiction over that order. *Id.* Unless the provisions of UIFSA are satisfied, "no other state may modify that order as long as the issuing state has continuing exclusive jurisdiction." *Id.*

Therefore, Tennessee courts only have subject matter jurisdiction to modify support orders issued by other states when Tenn. Code Ann. § 36-5-2611(a) (2005) is satisfied. *See LeTellier*, 40 S.W.3d at 495. Section 36-5-2611(a) provides:

Modification of child support order of another state. –

(a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if § 36-5-2613 does not apply and after notice and hearing it finds that:

(1) The following requirements are met:

    (A) The child, the individual obligee, and the obligor do not reside in the issuing state;
    (B) A petitioner who is a nonresident of this state seeks modification; and
    (C) The respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) The child, or a party who is an individual, is subject to the personal

-4-

jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under parts 20-29 of this chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.

*Id.*

Applying the above section to the instant case, Tennessee did not have subject matter jurisdiction to modify the support order issued by the Texas court. As Father points out, he (the obligor) remains a resident of the issuing state, Texas, and Mother (the obligee), the petitioner, is a resident of Tennessee. Additionally, nothing in the record indicates that the parties filed written consents in Texas, the issuing state, to permit Tennessee to assume continuing, exclusive jurisdiction over the order. As a result, none of the provisions of Tenn. Code Ann. § 36-5-2611(a) are met, and Texas courts retain continuing, exclusive jurisdiction over this child support order. Reaching a similar conclusion in *Shannon v. Shannon*, W2004-02258-COA-R3-JV, 2005 WL 1315829, at *4 (Tenn. Ct. App. W.S., May 27, 2005), this court affirmed the trial court's determination that it did not have subject matter jurisdiction to modify a Mississippi child support order. A Tennessee court did not have subject matter jurisdiction to modify the Mississippi child support order under §36-5-2611 where the obligor was a "resident of Mississippi and the petitioner. . .is not a nonresident of Tennessee, and where the parties have not filed written consent in the Mississippi court. . . ." Here, the trial court did not have subject matter jurisdiction to modify the Texas child support order.

The trial court clearly erred in this case by assuming subject matter jurisdiction. The trial court reasoned that Tennessee had continuing, exclusive jurisdiction in this matter because the Bradley County Child Support Office was the "initiating tribunal." As noted by this court in *Kalmon*, the initiating tribunal's role is "in large part, ministerial." 2008 WL 1813110, at *5. The Bradley County Child Support Office, pursuant to UIFSA, forwarded a "Tennessee Child Enforcement Initial Request Form" to the Texas Child Support Enforcement Department requesting the responding jurisdiction, Texas, to provide the establishment of paternity and establishment of an order for child support, medical coverage, and other costs. Upon receipt of the initial form, the Attorney General of Tom Green County, Texas filed a petition and obtained a support order under UIFSA. UIFSA provides that the state issuing a support order has continuing, exclusive jurisdiction over that order, *see generally* Tenn. Code Ann. § 36-5-2205 (2005), and another state can only modify the support order when "one of the restricted fact situation described in [§ 36-5-2611] (a)" is

present. *See LeTellier*, 40 S.W.3d at 496; *see also Files v. Files*, M2002-00132-COA-R3-CV, 2003 WL 354475, at *3 (Tenn. Ct. App. M.S., Feb. 18, 2003).

In *LeTellier*, relying on the official comments to UIFSA, the Tennessee Supreme Court explained that a petitioner cannot bring an action to modify an out-of-state support order in the petitioner's home state.[1] 40 S.W.3d at 495. Assuming *arguendo*, the trial court properly exercised personal jurisdiction over Father under Tenn. Code Ann. § 36-5-2201 (2005),[2] without subject matter jurisdiction through § 36-5-2611(a), a Tennessee court cannot modify the support order. *Id.* at 496.

Therefore, contrary to Mother's assertions, it is of no consequence that Tennessee is the "initiating tribunal," or that the trial court properly exercised personal jurisdiction over Father. Once Texas pursued this matter and issued a support order pursuant to UIFSA, Texas obtained continuing, exclusive subject matter jurisdiction over the child support order at issue in this case. Because this matter retained its interstate character, UIFSA applies, and the Bradley County Circuit Court did not have subject matter jurisdiction to modify the Texas support order. It then naturally follows that the trial court erred in applying the Tennessee Child Support Guidelines when it modified the Texas support order to change the amount of monthly support and to award retroactive child support, medical, and birthing expenses. Accordingly, we reverse.

---

[1]Citing the official comments, our Supreme Court stated: "[T]he comments to § 36-5-2611 refute any contention that asserting personal jurisdiction over an obligor pursuant to § 36-5-2201 is sufficient to confer subject matter jurisdiction to modify an out-of-state decree." *LeTellier*, 40 S.W.3d at 495.

[2] Tenn. Code Ann. § 36-5-2201 (2005) provides: Bases for jurisdiction over nonresident –
In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
    (1) The individual is personally served with notice within this state;
    (2) The individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
    (3) The individual resided with the child in this state;
    (4) The individual resided in this state and provided prenatal expenses or support for the child;
    (5) The child resides in this state as a result of the acts or directives of the individual;
    (6) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
    (7) The individual asserted parentage in the putative father registry maintained in this state by the department of children's services; or
    (8) There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

B.

In Tennessee, "the birth certificate of a child born to an unmarried mother must reflect that the child's surname is that of the mother unless both parents have requested otherwise." *Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993). Tenn. Code Ann. § 68-3-305(b)(1) (2006) provides, in pertinent part, as follows:

> If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth and all information pertaining to the father shall be omitted, and the surname of the child shall be that of either:
>
> (A) The surname of the mother;
>
> (B) The mother's maiden surname; or
>
> (C) Any combination of the surnames listed in subdivisions (b)(1)(A) and (b)(1)(B).

*Id.* There are multiple factors for a trial court to consider when determining whether to change a child's surname. As stated by this court in *Barabas:*

> Among the criteria for determining whether changing a child's surname will be in the child's best interests are (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname.

*Id.* at 287 (citations omitted).

In this case, the Child was born July 16, 2006. At the time of the hearing in December 2008, the Child was only 29 months of age. Father claims that she was too young to express a preference and had not carried the Mother's surname for any length of time. The trial court specifically found that the Child had carried the Mother's surname since birth, and to change it at the present time would "very likely have a negative effect on the Child emotionally and otherwise." Father argues there was no proof produced that any such detrimental effect would occur. The trial court further found Mother and her family were "members of the

local community and there is a degree of community respect associated with the child's present name." Father insists that he is well known and respected in his community; throughout the proceedings, he has indicated his desire to develop a close bond to the Child. He claims that if the Child maintains Mother's surname, the Child will confront embarrassment and difficulty as she grows older. Father contends that it would be in the best interest of the Child to change her surname.

The parent seeking to change the child's surname assumes the burden of proving that the change will further the child's best interest. *In re A.C.S.*, M2008-898-COA-R3-JV, 2009 WL 348510, at *2 (Tenn. Ct. App. M.S., Feb. 12, 2009) (citations omitted). The paramount consideration is the child's welfare. "[T]he courts should not change a child's surname unless the change promotes the child's best interest." *Id.* (citing *Barabas*, 868 S.W.2d at 287); *see also Halloran v. Kostka*, 778 S.W.2d 454, 456 (Tenn. Ct. App. 1989).

The trial court found that it was in the "manifest best interest of the [C]hild" to keep the Mother's surname. Of the applicable factors, it does not appear from the record that any weigh in favor of Father's request to change the Child's surname. Father failed to sustain his burden of proof in support of the name change. The evidence does not preponderate against the trial court's finding. Accordingly, we affirm.

## V. CONCLUSION

We reverse the trial court's determination that it had jurisdiction to modify the Texas child support order. Under Tenn. Code Ann. § 36-5-2611, Texas retains continuing, exclusive jurisdiction over this child support order. We affirm the trial court's determination to deny Father's request to change the Child's surname. Therefore, this matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed one-half to the Appellee, Courtney Renee Goins, and one-half to the Appellant, Jerry Wayne Gay.

_____
JOHN W. McCLARTY, JUDGE