Diane BUTTON

v.

Mitchell WAITE.

Supreme Court of Tennessee,
at Nashville.

June 7, 2006 Session.

Dec. 12, 2006.

P. Edward Schell, Franklin, Tennessee, for the appellant, Diane Button.

Marlene Eskind Moses, Nashville, Tennessee, and Lorie S. Nachlis, San Francisco, California, for the appellee, Mitchell Waite.

**OPINION**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and CORNELIA A. CLARK, JJ., joined.

This appeal arises out of a petition filed in the Chancery Court for Williamson County requesting that the Chancery Court exercise temporary emergency jurisdiction and overturn a Hawaii trial court's order relating to the selection of a therapist for the child in this case. We hold that the Court of Appeals properly concluded that the Tennessee trial court erred in exercising temporary emergency jurisdiction pursuant to Tennessee Code Annotated section 36–6–219 (2001). We further hold, however, that the Court of Appeals erred in remanding this case to the trial court with instructions to dismiss the case for lack of jurisdiction.

## I. Background

This appeal involves a child, Carly, who was born to unmarried parents, Diane Button and Mitchell Waite. Carly has lived in three different jurisdictions: California, Hawaii, and Tennessee. Each of these three jurisdictions has addressed custody-related matters concerning Carly. The heart of the controversy relates to the Hawaii trial court's finding that Mr. Waite inappropriately touched Carly and its order terminating the services of Carly's Tennessee therapist and providing an alternate therapist for her.

On January 27, 2005, Ms. Button filed in the Chancery Court of Williamson County, Tennessee, a petition to register and enforce a foreign decree and to transfer jurisdiction. In this petition, Ms. Button contested the Hawaii court's decision to remove Carly's therapist. One day later, on January 28, 2005, Ms. Button filed in the Hawaii court a motion for reconsideration of the oral ruling made on January 11, 2005, which terminated the services of Carly's Tennessee therapist and provided for the appointment of an alternate therapist. After filing the motion for reconsideration in Hawaii, Ms. Button continued to

take Carly to see the therapist whose services the Hawaii court had terminated. When Mr. Waite learned of these visits, he filed a petition for contempt against Ms. Button in the Hawaii court in which he disclosed Ms. Button's filings in Williamson County, Tennessee. On March 30, 2005, the Hawaii court contacted the Williamson County chancellor for a conference on the issue of jurisdiction.[1] On April 1, 2005, the parties stipulated to the registration of certain orders of the Hawaii court in Tennessee, but no hearing on the petition to transfer jurisdiction was held at that time. On April 18 and 19, 2005, the Hawaii court held hearings and ultimately denied Ms. Button's motion for reconsideration of its oral order terminating the services of Carly's therapist.

In an April 26, 2005 order, the Williamson County chancellor sua sponte appointed a guardian ad litem ("GAL") in Tennessee. On April 29, 2005, Ms. Button filed ex parte a motion requesting that the Williamson County Chancery Court assume temporary emergency jurisdiction. Ms.

Button asserted that compliance with the Hawaii court's order to terminate Carly's therapist constituted mistreatment or abuse and thus served as grounds for temporary emergency jurisdiction under Tennessee Code Annotated section 36–6–219 (2005). Ms. Button's motion was supported by an affidavit of Carly's current therapist, the therapist's notes of her sessions with Carly, and a response of the Tennessee GAL stating that the services of Carly's current therapist should not be terminated in favor of a new therapist. The Chancery Court for Williamson County, Tennessee, exercised temporary emergency jurisdiction and declined to enforce the Hawaii trial court's order relating to the selection of the child's therapist.[2]

Mr. Waite filed an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, and the Court of Appeals granted permission to appeal. The Court of Appeals vacated the trial court's order exercising temporary emergency jurisdiction and remanded the case with instructions to

1. The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which governs jurisdiction between Tennessee and other states over child custody proceedings, provides for communication with courts of another state concerning a proceeding under the UCCJEA but provides that a record must be made of the communication. *See* Tenn.Code Ann. § 36–6–213 (2005).

2. The Tennessee court's order states:
    A final determination of this Court's jurisdiction is pretermitted pursuant to Tenn. Code Ann. § 36–6–219. The Court finds that the child is still threatened with mistreatment or abuse if her treatment with [her current therapist] is terminated at this time. Mrs. Button has a constitutional right under Tennessee law to childrearing autonomy. *Rust v. Rust*, 864 S.W.2d 52, 55–56 (Tenn.Ct.App.1993). This right was vested in Mrs. Button when the Hawaiian court allowed her to relocate to Tennessee with her child in March 2004. Mrs. Button

has a fundamental right to choose what therapeutic remedies are in the best interests of her child, especially in light of a specific court finding of sexual abuse by inappropriate touching by the father.
    The Court has also been made aware that a Motion is pending requesting the Hawaiian court to relinquish jurisdiction on the grounds of *forum non conveniens*. This motion is expected to be decided sometime in June 2005.
    Therefore, this Court will continue to exercise temporary emergency jurisdiction for all purposes in this case until the order requiring termination of [Carly's current therapist's] services is vacated or the Hawaiian court voluntarily relinquishes jurisdiction to Tennessee.[1] [Footnote 1 stated: "The Court notes that the Hawaiian court, in the letter of Judge Karen M. Radius of March 31, 2005, has found that 'Tennessee is now the home state of the minor, Carly Button.'"]

the trial court to dismiss the case for lack of jurisdiction.

Ms. Button appealed the ruling of the Court of Appeals and filed a motion requesting that this Court stay the issuance of the mandate. We granted Ms. Button's motion to stay the issuance of the mandate and also granted permission to appeal.[3]

## II. Analysis

### A. Exercise of Temporary Emergency Jurisdiction under Tennessee Code Annotated Section 36–6–219 (2001)

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is codified at Tennessee Code Annotated sections 36–6–201 to –243 (2001) and governs jurisdiction between Tennessee and other states over child custody proceedings. Whether a court has jurisdiction is a question of law over which our review is de novo with no presumption of the correctness of the ruling of the lower courts. *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn.2004). Moreover, we review questions of statutory interpretation de novo, with no presumption of correctness given to the courts below. *State v. Collins*, 166 S.W.3d 721, 725 (Tenn.2005).

Temporary emergency jurisdiction is addressed in Tennessee Code Annotated section 36–6–219(a), which provides:

A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the

child, is subjected to or threatened with mistreatment or abuse.

Subsections (b) and (c) of Tennessee Code Annotated section 36–6–219 indicate that the exercise of emergency jurisdiction is a temporary measure that "remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 36–6–216–36–6–218." Tenn.Code Ann. § 36–6–219(b) (2005); *see also* Tenn.Code Ann. § 36–6–219(c) (2005) ("any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under §§ 36–6–216–36–6–218"). We are unaware of any Tennessee case that defines or discusses in detail the terms "mistreatment or abuse" as used in Tennessee Code Annotated section 36–6–219(a). However, in *P.E.K. v. J.M.*, 52 S.W.3d 653, 658 (Tenn. Ct.App.2001), the Court of Appeals observed that "[w]ithout some factual allegation of specific threats to the child's well-being, the court did not have any basis on which to enter a temporary emergency award."

Courts in other jurisdictions have construed the UCCJEA to require an "immediate" threat of mistreatment or abuse before a court may exercise temporary emergency jurisdiction. *In re Nada R.*, 89 Cal.App.4th 1166, 108 Cal.Rptr.2d 493, 499 (2001); *Anderson v. Deas*, 273 Ga.App. 770, 615 S.E.2d 859, 860 (2005); *see also In re Marriage of Anderson*, 25 Kan.App.2d 754, 969 P.2d 913, 916 (1998) (construing the substantially similar lan-

**3.** On June 6, 2006, this Court granted Mr. Waite's motion seeking consideration of post-judgment facts, requesting that we consider the fact that the trial court in Hawaii ordered a Hawaiian psychologist, Dr. June Ching, to travel to Tennessee to assess Carly's present status and to report to the Hawaii court "under what conditions, if any, it would be psy-

chologically and emotionally safe for the child to move towards re-establishing a relationship with her father." On June 7, 2006, Ms. Button filed a Motion for Consideration of Post Judgment Facts, requesting that this Court consider the report filed with the Hawaii court by Dr. Ching. We decline to grant Ms. Button's motion.

guage of the UCCJEA's predecessor, the Uniform Child Custody Jurisdiction Act). We agree that Tennessee Code Annotated section 36–6–219(a) contemplates a threat of immediate mistreatment or abuse to the child, and we now adopt this standard. We conclude that the selection of an alternate therapist for Carly does not pose an immediate threat of mistreatment or abuse. Therefore, we hold that the circumstances of this case do not involve the type of compelling emergency that justifies the exercise of temporary emergency jurisdiction. Furthermore, the Tennessee trial court's indefinite continuation of its exercise of emergency jurisdiction "for all purposes" clearly contravenes Tennessee Code Annotated subsections 36–6–219(b) and (c), which authorize the exercise of emergency jurisdiction on a temporary basis only. Temporary emergency jurisdiction is not intended to provide a state with modification jurisdiction for an indefinite period of time. Thus, the Court of Appeals properly vacated the trial court's order that continued its temporary emergency jurisdiction indefinitely and "for all purposes."

### B. Dismissal for Lack of Jurisdiction

█ Ms. Button argues that the Court of Appeals erred in remanding this case to the trial court with instructions to dismiss it for lack of jurisdiction. We agree.

The modification of child custody determinations made by out-of-state courts is governed by Tennessee Code Annotated section 36–6–218 (2005). That section provides:

[A] court of this state may not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under § 36–6–216(a)(1) or (2), and:

(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under § 36–6–217 or that a court of this state would be a more convenient forum under § 36–6–221; or

(2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

Tenn.Code Ann. § 36–6–218. Subsection (2) has been satisfied in this case. It is undisputed that neither Ms. Button, nor Mr. Waite, nor Carly presently reside in Hawaii. Thus, whether Tennessee may exercise jurisdiction and modify the Hawaii court's order pursuant to Tennessee Code Annotated section 36–6–218 turns upon whether Tennessee has jurisdiction to make an initial determination under Tennessee Code Annotated section 36–6–216(a)(1) or (2).

Tennessee Code Annotated subsections 36–6–216(a)(1) and (2) provide that the home state receive priority with regard to jurisdiction to make an initial determination as follows:

(a) Except as otherwise provided in § 36–6–219, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (a)(1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state

is the more appropriate forum under §§ 36–6–221 or 36–6–222, and:

(A) The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships[.]

"Home state" is defined as "the state in which a child lived with a parent or person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." Tenn.Code Ann. § 36–6–205(7) (2005).

Tennessee has jurisdiction to make an initial determination under either Tennessee Code Annotated section 36–6–216(a)(1) or (2). We conclude that the "date of the commencement of the proceeding" mentioned in Tennessee Code Annotated section 36–6–216(a)(1) refers to the date of the current modification proceeding, not to the date of the initial custody proceeding filed in Hawaii. Tennessee was Carly's home state on the date of the commencement of the modification proceeding. It is undisputed that none of the parties presently live in Hawaii, and Carly did not live in Hawaii during the six months preceding commencement of the modification proceedings in Tennessee. Accordingly, under the plain language of the UCCJEA, Tennessee was Carly's home state when Ms. Button filed the modification petition. Therefore, Hawaii does not have home state jurisdiction. Instead, Tennessee has home state jurisdiction to make an initial custody determination under the present circumstances.

The Court of Appeals, however, held that no Tennessee court has authority to exercise jurisdiction over this case unless the current proceeding is terminated or stayed by a court in Hawaii or a court in Hawaii finds Tennessee to be a more convenient forum. We disagree. The Court of Appeals based its holding upon Tennessee Code Annotated sections 36–6–221(a) and (b).[4] However, subsections (a) and (b) of Tennessee Code Annotated section 221 apply to initial custody determinations. Subsection (c) of Tennessee Code Annotated section 36–6–221 governs modification proceedings, and it provides:

> In a proceeding to modify a child custody determination, a court of this state shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceed-

---

**4.** Tennessee Code Annotated subsections 36–6–221(a) and (b) provide:

(a) Except as otherwise provided in § 36–6–219, a court of this state may not exercise its jurisdiction under this part if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under § 36–6–222.

(b) Except as otherwise provided in § 36–6–219, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to § 36–6–224. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this part, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this part does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

ing to enforce a child custody determination has been commenced in another state, the court may:

(1) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement;

(2) Enjoin the parties from continuing with the proceeding for enforcement; or

(3) Proceed with the modification under conditions it considers appropriate.

This statute permits a court in Tennessee to exercise jurisdiction to modify a decree even if enforcement proceedings have been commenced in another state. Ms. Button's petition for a transfer of jurisdiction requests that the Tennessee trial court conduct a hearing and "make such Orders as are necessary to protect Carly." Consequently, it is evident that the relief Ms. Button seeks is modification of the Hawaii court's order concerning the selection of a therapist for Carly. We hold that the Tennessee court possesses jurisdiction to modify the Hawaii court's order and may exercise its discretion to do so.

Furthermore, the Court of Appeals' conclusion that Hawaii retains exclusive, continuing jurisdiction over this case is not supported by the UCCJEA. We note that the statute cited by the Court of Appeals, Tennessee Code Annotated section 36–6–217(a), is not the law that a Hawaii court would apply in determining whether Hawaii retains exclusive, continuing jurisdic-

tion. Instead, Hawaii would look to its own version of the UCCJEA, which contains provisions similar to Tennessee Code Annotated section 36–6–217(a).[5] Hawaii Revised Statutes Annotated section 583A–202(a) (2005) provides:

Except as otherwise provided in section 583A–204, a court of this State which has made a child-custody determination consistent with section 583A–201 or 583A–203 has exclusive, continuing jurisdiction over the determination until:

(1) A court of this State determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or

(2) A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.

The Court of Appeals stated, "Jurisdiction attaches at the commencement of a proceeding. Jurisdiction is not lost by all parties moving out of the state prior to the conclusion of the proceedings." This statement is inconsistent with Hawaii Revised Statutes Annotated section 583A–202(a)(2) and is also inconsistent with Tennessee Code Annotated section 36–6–217 and with the accompanying Advisory Commission Comments.[6] Moreover, it is clear

5. The statute cited by the Court of Appeals, Tennessee Code Annotated section 36–6–217(a), provides:

(a) Except as otherwise provided in § 36–6–219, a court of this state which has made a child-custody determination consistent with this part has exclusive, continuing jurisdiction over the determination until:

(1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with

this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

6. The Advisory Commission Comments to Tennessee Code Annotated section 36–6–217 provide, in relevant part:

under both Hawaii Revised Statutes Annotated section 583A–202(a)(2) and the official comment to Tennessee Code Annotated section § 26–6–218 [7] that a Tennessee court can determine that all parties have moved away from Hawaii. The Court of Appeals, therefore, improperly concluded that Hawaii retains exclusive, continuing jurisdiction over this matter. Accordingly, the Court of Appeals erred in remanding the case with instructions to dismiss for lack of jurisdiction.

### III. Conclusion

The Court of Appeals correctly vacated the trial court's order extending indefinitely and for all purposes its exercise of temporary emergency jurisdiction pursuant to Tennessee Code Annotated section 36–6–219 (2001). However, the Court of Appeals erred in remanding the case to the trial court with instructions to dismiss the case for lack of jurisdiction. We remand this case to the Chancery Court for Williamson County for proceedings consistent with this opinion. Costs of this appeal are taxed equally to the appellant, Diane Button, and her surety, and the appellee, Mitchell Waite, and his surety, for which execution may issue if necessary.

---

2. Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State.

. . . .

It is the intention of this Act that paragraph (a)(2) of this section means that the named persons no longer continue to actually live within the State. Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.

The phrase "do not presently reside" is not used in the sense of a technical domicile. The fact that the original determination State still considers one parent a domiciliary does not prevent it from losing exclusive, continuing jurisdiction after the child, the parents, and all persons acting as parents have moved from the State.

If the child, the parents, and all persons acting as parents have all left the State which made the custody determination prior to the commencement of the modification proceeding, considerations of waste of resources dictate that a court in State B, as well as a court in State A, can decide that State A has lost exclusive, continuing jurisdiction.

. . . .

Jurisdiction attaches at the commencement of a proceeding. If State A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the State prior to the conclusion of proceeding. State B would not have jurisdiction to hear a modification unless State A decided that State B was more appropriate under Section 207.

7. The official comment to Tennessee Code Annotated section 36–6–218 clearly states:

The modification state is not authorized to determine that the original decree state has lost its jurisdiction. The only exception is when the child, the child's parents, and any person acting as a parent do not presently reside in the other state. In other words, a court of the modification state can determine that all parties have moved away from the original state.