IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on September 5, 2012

**SHAWN M. WYLIE, ET AL. v. ADAM F. DRISCOLL**

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCVFD1020      Laurence M. McMillan, Chancellor**

_____

**No. M2011-00711-COA-R3-CV - Filed on October 23, 2012**

_____

A mother and her husband filed a petition to enroll a foreign judgment regarding her former husband's visitation rights with her child for the purpose of extinguishing her former husband's rights to see the child. The former husband resides in Wisconsin, and the Wisconsin court declined to relinquish jurisdiction over the case. The trial court determined it did not have subject matter jurisdiction and dismissed the petition. We affirm the trial court's judgment.

**Tenn . R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Kenneth James Phillips, Clarksville, Tennessee, for the appellants, Shawn M. Wylie and Roy Wylie.

Adam F. Driscoll did not file a brief.

**OPINION**

This case involves a mother, her husband, her child, and the mother's ex-husband. Shawn M. Wylie ("Mother") is currently married to Roy Wylie ("Father"), who, Mother asserts, has adopted her child. Mother was formerly married to Adam F. Driscoll ("Stepfather"), and while they were married they lived as a family in Wisconsin with Mother's child, currently 12 years old ("Child"). Mother and Stepfather were divorced in Wisconsin, and on December 19, 2008, a circuit court in Wisconsin entered an order awarding Stepfather periodic visitation with Child ("Wisconsin Order").

After Mother married Father, they moved to Tennessee with Child. On July 8, 2010, Mother and Father filed a Petition to Enroll Foreign Judgment with the Chancery Court of Montgomery County. In their petition, Mother and Father asked the trial court to find it had permanent or temporary jurisdiction over this case and to modify the Wisconsin Order, terminating Stepfather's visitation with Child, based on a substantial change in circumstances.

Stepfather filed an Answer and asserted as an affirmative defense that the court lacked jurisdiction because Stepfather still resided in Wisconsin. Stepfather then filed a Trial Brief in February 2011 in which he informed the trial court that when Mother and Father filed their petition in 2010, there was an action pending in the Wisconsin court between Mother and Stepfather with regard to Stepfather's visitation rights with Child. Stepfather explained that the Wisconsin court held hearings in September and November 2010 in which Mother was found to be in contempt for denying Stepfather his visitation rights with Child.[1]

The trial court held a hearing in February 2011 and entered a Memorandum Opinion and Order in which it dismissed Mother and Father's petition because the court lacked subject matter jurisdiction. The court wrote:

> 1. The biological mother and the adoptive father of the minor child at issue are current residents of the State of Tennessee. Neither have lived in the State of Wisconsin for six months prior to the date of their Petition filed on July 8, 2010.
>
> 2. The Circuit Court for Monroe County, Wisconsin decided the underlying divorce case, in which stepparent visitation rights were granted to the child's stepfather.
>
> 3. On September 3, 2010, the Circuit Court for Monroe County, Wisconsin held a hearing in this matter and in paragraph 8 of its Order held that it had not relinquished jurisdiction in this case.
>
> 4. The Wisconsin court has exclusive jurisdiction to modify its order until both parents and the child move from the State of Wisconsin under the Uniform Child Custody Jurisdiction and Enforcement Act. The Act is silent on whether the court that rendered the original custody decision may retain

---

[1]The Wisconsin court's Order Regarding November 10, 2010 Hearing Amending Judgment of Divorce was attached to Stepfather's Trial Brief.

jurisdiction when it grants stepparent visitation rights to a resident of its state who resides in its state.

5. Because the stepparent is still a resident of the State of Wisconsin, and in deference to the Wisconsin court stating that it does not wish to relinquish jurisdiction, this court is of the opinion that it does not have jurisdiction to modify the custody arrangement existing among the parties.

Therefore, the petition filed by Shawn M. Wylie and Roy Wylie against Adam F. Driscoll is hereby dismissed for lack of jurisdiction over the subject matter.

Mother and Father appeal the trial court's dismissal, arguing that under Tennessee law and the Uniform Child Custody Jurisdiction Enforcement Act (the "UCCJEA") the trial court should have assumed jurisdiction over the minor child and erred in dismissing their petition.

The UCCJEA is a detailed jurisdictional Act that has been adopted, in one form or another, in all fifty states. *Staats v. McKinnon,* 206 S.W.3d 532, 545 (Tenn. Ct. App. 2006) (UCCJEA). It was designed to establish uniform national standards for the initial entry, enforcement, and modification of child custody orders and to eliminate those difficult situations where, after one or more parties to a domestic dispute have moved from one state to another, the courts of the different states claim the authority to issue contradictory orders. *Staats v. McKinnon,* 206 S.W.3d at 544.

Whether a court has jurisdiction is a question of law, and we will review a trial court's ruling on this issue *de novo*, according it no presumption of correctness. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). We also review questions of statutory interpretation *de novo*, with no presumption of correctness given to the court below. *Button*, 208 S.W.3d at 369 (citing *State v. Collins*, 166 S.W.3d 721, 725 (Tenn. 2005)).

Tennessee's version of the UCCJEA is found at Tenn. Code Ann. § 36-6-201 *et seq*. Tennessee Code Annotated § 36-6-218 is entitled "Jurisdiction to modify foreign decrees," and it requires the following prerequisites to be established before a Tennessee court has jurisdiction to modify another state's custody determination:

Except as otherwise provided in § 36-6-219[2], a court of this state may not

---

[2]Tenn. Code Ann. § 36-6-219 applies to a court's temporary emergency jurisdiction in situations that
(continued...)

modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under §36-6-216(a)(1) or (2), and:

(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under § 36-6-217 or that a court of this state would be a more convenient forum under § 36-6-221; or

(2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

The trial court expressly found that the Wisconsin court has not relinquished jurisdiction in this case, and Mother does not contest this portion of the court's order. The petitioners therefore cannot satisfy Tenn. Code Ann. § 36-6-218(1).

Turning to paragraph (2) of this statute, we note that the UCCJEA defines "person acting as a parent" to include a person, other than a parent, who "[h]as been awarded legal custody by a court or claims a right to legal custody under the law of this state." Tenn. Code Ann. § 36-6-205(13)(B). "Child custody determination" is defined to include a judgment, decree, or other court order providing for visitation with a child. Tenn. Code Ann. § 36-6-205(3). All parties agree that Stepfather resides in Wisconsin and that he has been awarded visitation with Child. Stepfather therefore qualifies as a "person acting as a parent" as that phrase is used in paragraph (2) of section 36-6-218, and the petitioners cannot satisfy this section of the statute either.

Because the petitioners cannot satisfy either paragraph (1) or (2) of Tenn. Code Ann. § 36-6-218, we need not examine the jurisdictional requirements of Tenn. Code Ann. § 36-6-216. We conclude that the trial court correctly determined that it does not have jurisdiction to modify the Wisconsin Order and affirm its judgment dismissing Mother and Father's petition.

Costs of this appeal are assessed against Shawn M. Wylie and Roy Wylie, for which execution shall issue if necessary.

---

[2](...continued)
are not relevant here.

_____
PATRICIA J. COTTRELL, JUDGE