IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 6, 2013 Session

## MICHAEL MILJENOVIC v. SHERRI E. MILJENOVIC

**Appeal from the Circuit Court for Knox County**
**No. 126376    Hon. Bill Swann, Judge**

_____

**No. E2013-00238-COA-R10-CV-FILED-DECEMBER 17, 2013**

_____

This interlocutory appeal concerns an interstate custody dispute. Father attempted to register and modify the child custody provisions of a New Jersey judgment in Tennessee. Mother agreed to the registration but objected to the modification because she believed the trial court did not have subject matter jurisdiction to modify the judgment. The trial court disagreed and registered and modified the judgment. Mother pursued this extraordinary appeal pursuant to Rule 10 of the Rules of Appellate Procedure. Following our review, we hold that the trial court did not have subject matter jurisdiction to modify the judgment.

**Tenn. R. App. P. 10; Judgment of the Circuit Court
Vacated; Case Remanded**

JOHN W. McCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Sherri E. Miljenovic, Knoxville, Tennessee, Pro Se.

Lisa A. White, Knoxville, Tennessee, for the appellee, Michael Miljenovic.

**OPINION**

**I. BACKGROUND**

Sherri E. Miljenovic ("Mother") and Michael Miljenovic ("Father") were married in 1984. Six children were born of the marriage, namely Rosemarie (D.O.B. 4-29-85), Michael (D.O.B. 11-3-87), Daniel (D.O.B. 1-13-90), Joshua (D.O.B. 4-8-94), Elizabeth (D.O.B. 7-20-95), and Nathaniel (D.O.B. 5-7-99). Mother and Father (collectively "Parents") were divorced by final decree on May 3, 2006, by the Superior Court of New Jersey. Their divorce

decree incorporated a property settlement agreement in which Mother was given custody of the minor children and allowed to relocate to Tennessee with the minor children, namely Daniel, Joshua, Elizabeth, and Nathaniel. A number of consent agreements relating to visitation were signed by the Parents following Mother's relocation. As the years progressed, the Parents struggled with scheduling visitation in an agreeable manner.

On October 29, 2012, Father filed a petition for the "registration, enrollment, and enforcement" of the foreign judgment in Knox County. At that point, Daniel and Joshua had reached the age of majority, leaving Elizabeth and Nathaniel as the remaining minor children. Mother agreed to the registration of the foreign judgment but argued that the various consent orders should be registered as well. She objected to any future attempts to modify the foreign judgment or consent orders. Following a hearing, the trial court registered the foreign judgment and all orders previously filed. The court held that it had jurisdiction to enforce and modify the foreign judgment and any consent orders.

On January 7, 2013, Father filed a petition to modify the judgment, claiming that there had been "several incidents that [rose] to the level of substantial and material [change] of circumstances due to [Mother's] erratic and unexplainable behavior" since the registration of the foreign judgment and consent orders. Father filed an affidavit in which he chronicled several past and present incidents concerning Joshua, who had already attained the age of majority, and the remaining minor children, Elizabeth and Nathaniel. The trial court granted the petition and temporarily modified the child custody provisions of the foreign judgment and corresponding consent orders relating to visitation. The court's order, entitled "EMERGENCY ORDER" provided, in pertinent part,

> That, pursuant to the Temporary Parenting Plan entered on the 7 day of January, 2013, Father . . . shall immediately have exclusive care, custody and control of the parties' minor children, Joshua Miljenovic, Elizabeth Miljenovic[,] and Nathaniel Miljenovic.

Mother filed an application for an extraordinary appeal pursuant to Rule 10 of the Rules of Appellate Procedure on January 14, 2013. We granted the application and stayed the proceedings in the trial court pending the outcome of the appeal. During the pendency of the appeal, Elizabeth reached the age of majority, leaving Nathaniel as the only remaining minor child at issue in this appeal.

## I.  ISSUE

The sole issue in this extraordinary appeal is as follows:

Whether the trial court had jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act to temporarily modify the child custody provisions of the New Jersey divorce judgment and subsequent consent orders on child custody entered by the New Jersey court.

## III.  STANDARD OF REVIEW

Whether a court has jurisdiction is a question of law, which we review de novo with no presumption of correctness. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). "The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." *Staats v. McKinnon*, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citations omitted). Parties cannot confer subject matter jurisdiction on a court by appearance, plea, consent, silence, or waiver. *Id.* at 542 (citations omitted).

## IV.  DISCUSSION

Mother argues that the trial court lacked subject matter jurisdiction to modify the child custody provisions of the judgment. Father responds that the trial court properly asserted jurisdiction because New Jersey released its jurisdiction in the original judgment. Alternatively, he asserts that the trial court obtained jurisdiction to modify the New Jersey judgment pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified at Tennessee Code Annotated section 36-6-201, et. seq.

Relative to Father's initial claim regarding jurisdiction, the provision at issue provides,

**REMOVAL FROM JURISDICTION**

In exchange for other provisions of this Agreement, Husband consents to the relocation of the minor children to [Tennessee] with Wife. Husband shall enjoy reasonable and liberal parenting time with the children in [Tennessee] with reasonable notice to Wife, Husband shall be responsible for any and all costs associated with his parenting time of the children in [Tennessee]. As a result of Wife's decision to relocate to [Tennessee] with the children, Parties [are] to be jointly responsible to pay for any and all transportation costs of the

-3-

children associated with Husband's parenting time with the children in [New Jersey].

The foregoing provision clearly relates to the relocation of the minor children, not New Jersey's jurisdiction of the case. This argument is without merit.

Interstate jurisdictional questions concerning the custody of minor children are governed by the UCCJEA, which was adopted by Tennessee and New Jersey. Tenn. Code Ann. § 36-6-201; N.J. Stat. Ann. 2A:34-53. The Tennessee Code provides that the UCCJEA was adopted to

> (1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
>
> (2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;
>
> (3) Discourage the use of the interstate system for continuing controversies over child custody;
>
> (4) Deter abductions of children;
>
> (5) Avoid relitigation of custody decisions of other states in this state; and
>
> (6) Facilitate the enforcement of custody decrees of other states.

Tenn. Code Ann. § 36-6-202. A court of this state may not modify another state's custody determination unless an emergency situation is present or the court has jurisdiction pursuant to section 36-6-216(a)(1) or (2) *and*

> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under § 36-6-217 or that a court of this state would be a more convenient forum under § 36-6-221; or
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

Tenn. Code Ann. § 36-6-218.

The record reflects that New Jersey has not released jurisdiction and that Father presently resides in New Jersey; therefore, the court did not have jurisdiction to modify the foreign judgment pursuant to section 36-6-218. Accordingly, the court's assertion of jurisdiction must have been grounded in section 36-6-219(a), which provides,

> (a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

The court's one-page order did not contain any findings concerning an emergency situation that provided jurisdiction to modify the judgment. Likewise, Father simply asserted in his petition that modification of the custody provisions was necessary because a material and substantial change in circumstances had occurred and that modification of custody was in the minor children's best interest. Father listed a number of past and ongoing circumstances in support of his request for modification, including allegations that Mother had inappropriate conversations with Nathaniel, that since 2010, she had punished Nathaniel, a diabetic, by forcing him to exercise, and that she had also deprived the children of food as a form of punishment. Father did not detail how much food had been withheld or whether Nathaniel was actually harmed as a result of the ongoing compulsory exercises. Moreover, Father's allegations did not contain a threat of "immediate mistreatment or abuse" that would support the exercise of emergency jurisdiction. *Button*, 208 S.W.3d at 369 (holding that section 36-6-219 "contemplates a threat of immediate mistreatment or abuse to the child"). Accordingly, we vacate the order modifying the judgment because the court did not have subject matter jurisdiction to *modify* the judgment pursuant to the UCCJEA. Our holding does not impede the court's ability to *enforce* the registered foreign judgment.

## V. CONCLUSION

The judgment of the trial court is vacated, and the case is remanded. The proceedings in the trial court shall remain stayed pending the issuance of the mandate pursuant to Rule 42 of the Rules of Appellate Procedure. Costs of the appeal are taxed to the appellee, Michael Miljenovic.

_____
JOHN W. McCLARTY, JUDGE

-5-