IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 21, 2014 Session

IN RE: DONOVYN B.H.

Direct Appeal from the Juvenile Court for Shelby County
No. U9816     Curtis S. Person, Jr., Judge

No. W2013-02268-COA-R3-JV - Filed May 16, 2014

The juvenile court set aside its parental visitation order with respect to a child born to married parents as void for lack of jurisdiction. Mother appeals. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

David J. Kreher, Memphis, Tennessee, for the appellant, Mother.

No appearance on behalf of appellee, Father.

OPINION

The only issue presented by this appeal is whether the juvenile court has subject matter jurisdiction to adjudicate a parent's petition for visitation with respect to their marital child. Whether a court has subject matter jurisdiction to adjudicate a matter is a question of law. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006). We accordingly review this matter *de novo*, with no presumption of correctness afforded to the conclusion of the trial court. *Id.*

The facts giving rise to this appeal are not disputed. Father and Mother were married in August 2004. A child was born of the marriage in January 2007. The parties apparently separated shortly thereafter, and Mother made an application for child support assistance pursuant to Title VI-D of the Social Security Act. Accordingly, the State of Tennessee, acting on behalf of Mother, filed a petition for child support in the Juvenile Court for Shelby County in September 2008. By order entered January 6, 2009, the juvenile court ordered Father to pay child support in the amount of $266.00 per month by income assignment to the

Central Child Support Receipting Unit. It also ordered Father to pay retroactive child support in the amount of $4,852.00, retroactive to 22 months, to be paid at the rate of $100 per month.

In September 2009, Father filed a petition for visitation in the juvenile court. By order entered January 14, 2010, the juvenile court established a visitation schedule.[1] On November 3, 2011, the State filed a motion to modify child support and to set child support in accordance with the current Child Support Guidelines. Following a hearing in February 2012, the juvenile court increased Father's child support obligation by order entered March 13, 2012.

In the meantime, Mother and Father were divorced by final decree entered by the Circuit Court for Shelby County on November 8, 2011. In its November 2011 order, the circuit court stated, "Jurisdiction for all custody and child support issues . . . are in Juvenile Court[.]" In August 2013, Father filed a motion in the juvenile court to set aside the order of visitation on the ground that the juvenile court lacked subject matter jurisdiction where the parties' child was born of wedlock. Following a hearing in September 2013, by order entered October 1, 2013, the juvenile court set aside its January 2010 order of visitation on the ground that it lacked subject matter jurisdiction. Mother filed a timely notice of appeal to this Court. In April 2014, Father responded to this Court's show cause order and stated that the question of custody and visitation was heard by the circuit court in March 2014. Father waived his right to respond by brief or oral argument.

### *Discussion*

In her brief, Mother relies on *State ex rel. Collier v. Collier*, No. 02A01-9901-JV-00027, 1999 WL 549460 (Tenn. Ct. App. Jul. 29, 1999), for the proposition that the juvenile court has subject matter jurisdiction to adjudicate matters of custody and visitation of a child born of wedlock. She also submits that, because the Child Support Guidelines require that the amount of parenting time be considered in a calculation of child support, and because the juvenile court has jurisdiction to set child support, the juvenile court necessarily has subject matter jurisdiction to establish a visitation schedule.

---

[1]The parties characterize the juvenile court's order as awarding Mother custody and establishing visitation for Father. However, the juvenile court order contained in the record transmitted to this court does not explicitly award custody to Mother. It appears that Father did not seek custody in the juvenile court proceedings, and that the juvenile court did not engage in a comparative fitness analysis as set forth in Tennessee Code Annotated § 36-6-106. It further appears that Mother proceeded under her maiden name until the divorce action was adjudicated in circuit court. As far as we can determine from the record, prior to October 2013 the juvenile court proceeded under the assumption that Mother and Father were unmarried, and that it accordingly had jurisdiction under Tennessee Code Annotated § 37-1-104(f).

We begin our discussion by noting that this is not a case involving an adjudication of dependency and neglect or an unruly child. This action does not involve the juvenile court's jurisdiction under Tennessee Code Annotated § 37-1-103. Rather, this case arises from a petition for support made pursuant to Tennessee Code Annotated § 37-1-104(d)(1)(C), and the only question presented by this matter is whether, under Tennessee Code Annotated § 37-1-104, the juvenile court has subject matter to establish a parental visitation schedule for the married parents of a minor child born of wedlock.[2]

Section 37-1-104(d)(1)(A) provides:

> The juvenile court has concurrent jurisdiction and statewide jurisdiction with other courts having the jurisdiction to order support for minor children and shall have statewide jurisdiction over the parties involved in the case.

Section 37-1-104(d)(1)(C) provides:

> In any political subdivision or judicial district of the state in which a court by contract is the agency designated to provide child support enforcement pursuant to Title IV-D of the Social Security Act, and if a judge with child support jurisdiction in that political subdivision or judicial district agrees, the contracting court shall have jurisdiction in any case in such judge's court in which an application is made for assistance in obtaining support under provisions of this part. Upon application being made for child support enforcement assistance as provided by law, the contracting court shall assume jurisdiction and it is the duty of the court clerk to so notify the clerk of any court having prior jurisdiction. The contracting court shall then proceed to make and enforce such orders of support as it deems proper within its jurisdiction pursuant to the agreement. The contracting court shall not have jurisdiction in any case in which an absent parent is in full compliance with a support order of another court.

Section 37-1-104(f) provides that the juvenile court has concurrent jurisdiction with the circuit and chancery court to establish the paternity of a non-marital child and to determine all issues regarding the care and control of a child born out of wedlock, including custody, visitation, support, education or any other issue.

In the absence of circumstances not alleged here, nothing in the statutory scheme

_____

[2]Because the record from the parties' divorce action in circuit court is not part of the record transmitted to this Court, we cannot ascertain the current custody and visitation arrangements.

grants the juvenile court jurisdiction to adjudicate a parent's petition for visitation of a marital child during the course of the parents' marriage. We must disagree with Mother that *Collier* stands for a contrary proposition. In *Collier*, we held that the juvenile court has jurisdiction to set and enforce *child support* orders for all children, whether marital or non-marital. *State ex rel. Collier v. Collier*, No. 02A01-9901-JV-00027, 1999 WL 549460, at * 4 (Tenn. Ct. App. Jul. 29, 1999). In *Collier*, moreover, we expressly noted that we were not presented with the question of which court would have jurisdiction over matters of child support if the parties filed for divorce in the future, and declined to address that issue. *Id.*

Section 37-1-104 grants juvenile courts concurrent jurisdiction with the circuit and chancery courts to determine issues of custody and visitation regarding non-marital children. It also explicitly grants juvenile courts the jurisdiction to set child support. The section simply does not grant the juvenile courts the authority to establish custody and visitation with respect to marital children in the absence of a matter encompassed by section 37-1-103 and the references therein. Additionally, subsequent to *Collier*, section 37-1-103(c) was amended to permit the juvenile court to transfer jurisdiction to a circuit, chancery or general sessions court exercising domestic relations jurisdiction. Tenn. Code Ann. § 37-1-103(c); *Gilland v. Gilland*, Nos. M2002-02276-COA-R3-CV, M2002-02770-COA-R3-JV, 2004 WL 2583885, at *3 n.10 (Tenn. Ct. App. Nov. 9, 2004).

### *Conclusion*

The judgment of the trial court is affirmed. Costs on appeal are taxed to the Appellant Mother. This matter is remanded to the trial court for the collection of costs.

_____
DAVID R. FARMER, JUDGE