FILED

07/03/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 6, 2018 Session

## IN RE ASHTON B. ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 2016-611     Deanna B. Johnson, Judge**

_____

### No. M2017-00974-COA-R3-JV

_____

The Department of Children's Services filed a petition for temporary emergency custody under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") after a mother from Alabama who was travelling through Tennessee with her two minor children was arrested on charges including reckless endangerment. The juvenile court determined that the children were dependent and neglected, and the mother appealed for a de novo hearing in circuit court. When an Alabama court entered an order granting custody to the children's father, the circuit court lost jurisdiction, and the circuit court's subsequent order finding the children dependent and neglected became null and void. We, therefore, dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Sais Phillips Finney, Nashville, Tennessee, for the appellant, Tracy M. G.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Brian A. Pierce, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Tracy M. G. ("Mother") is the mother of Ashton B., born in March 2014, and Carson B., born in August 2015. Mother and the two children lived in Alabama and were travelling through Tennessee on April 25, 2016, when Mother was arrested in Williamson County on eleven charges, including reckless endangerment and evading arrest, related to

driving recklessly in an interstate construction zone. The record contains conflicting accounts concerning whether and when Mother provided the police with the names of relatives or friends authorized to come take the children to care for them. The police department made a referral to the Department of Children Services ("DCS" or "the Department").

The Department took the children into custody at 3:30 in the morning on April 25, 2016, and the juvenile court entered an ex parte protective custody order later the same day. On April 27, 2016, DCS filed a petition for temporary emergency custody alleging that the children were dependent and neglected. Counsel was appointed for both of the children's parents.[1] At a preliminary hearing on May 2, 2016, the court ordered Father to have unsupervised visitation with the children in Tennessee; Mother was to have supervised visitation with the children. Mother remained incarcerated until May 13, 2016. The Department developed a permanency plan for Mother to complete with a goal of returning the children to her custody.

On September 30, 2016, a new attorney for Mother filed a motion to dismiss DCS's petition for temporary emergency custody based on lack of jurisdiction. On October 27, 2016, Mother filed a motion for dismissal of the petition and dissolution of the ex parte custody order or, in the alternative, summary judgment, supported by Mother's affidavit. The juvenile court held an adjudicatory hearing on November 2, 2016, and denied Mother's motion to dismiss. The court heard testimony from Sergeant James Phillips, the officer who arrested Mother; Emily Kirby, DCS child protective services worker; and Sara Fischer, DCS family services worker.

In an opinion entered on November 14, 2016, which included detailed findings as to all of the evidence, the juvenile court found by clear and convincing evidence that "the children were without a parent, guardian or legal custodian on April 25, 2016 due to Mother's arrest on felony warrants involving both children and placing the children in such condition of want or suffering under improper control as to endanger the health of the children." The juvenile court further stated: "Mother agreed in her testimony the children were without a proper guardian when she was arrested." The juvenile court further stated:

> Specifically, Mother would not provide names of any caretakers to the police to come get the children even after being told they would have to call DCS. In other words, Mother could have prevented the entire custodial episode in the state of Tennessee. Sgt. Phillips testified they would rather

---

[1] Brandon B. ("Father") is the children's father. He was not named on their birth certificates. In July 2016, DCS filed a petition to establish paternity and, in October 2016, placed the children with Father in Alabama.

wait on relatives from Alabama to arrive than on the Department of Children's Services (who sometimes take longer).

The court also determined that it could not return the children to Mother because "unknown and unresolved issues" remained. The juvenile court, therefore, ordered that the children remain in DCS custody and continue in the current trial home placement with Father in Alabama pursuant to the Tennessee Interstate Compact for the Placement of Children. Mother filed a notice of appeal to the circuit court on November 10, 2016.

On November 29, 2016, the Circuit Court of Madison County, Alabama entered an order awarding Father temporary custody of the children.

The Circuit Court for Williamson County, Tennessee held a de novo hearing on November 30, 2016, and January 26, 2017. The circuit court entered an order on April 17, 2017, upholding the juvenile court order finding the children dependent and neglected and remanding the case to the juvenile court "for disposition or other further proceedings."

Mother appeals from the circuit court's decision. She argues that the Williamson County juvenile court erred in assuming temporary emergency jurisdiction and that the circuit court likewise erred in assuming jurisdiction in this case. Mother further asserts that the circuit court's decision finding the children dependent and neglected was improper. The Department takes the position that the circuit court lacked jurisdiction to enter the April 17, 2017 order because the child custody order had been entered in the children's home state of Alabama.

ANALYSIS

We begin with the question of whether the circuit court had jurisdiction to hear the de novo appeal of the juvenile court decision based upon temporary emergency jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Tenn. Code Ann. §§ 36-6-201—243.[2] Issues of jurisdiction present questions of law; thus our review is de novo with no presumption of correctness given to the decision of the trial court. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). Moreover, we review issues of statutory construction de novo with no presumption of correctness. *Id.* (citing *State v. Collins*, 166 S.W.3d 721, 725 (Tenn. 2005)).

---

[2] There is no assertion by the Department that Tennessee was the home state of the children and had jurisdiction to make an initial custody determination as the home state. *See* Tenn. Code Ann. §§ 36-6-205(7), 36-6-216.

Tennessee Code Annotated section 36-6-219(a) addresses temporary emergency jurisdiction:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

In this case, DCS took custody of the children under the theory that the children had been "abandoned" within the meaning of Tenn. Code Ann. § 36-6-219(a) because Mother was in jail and refused to identify relatives or friends who could come and take custody of the children. Mother asserts that she did, in fact, give the police names of relatives and friends in Alabama who would come and take the children. As explained below, however, this Court need not resolve the abandonment issue because it has become moot.

Even if a court has temporary emergency jurisdiction, that jurisdiction is limited in duration. The following provision, found in Tenn. Code Ann. § 36-6-219(b), applies to the circumstances of the present case, where there was no previous child custody determination and no child custody proceeding commenced in the home state of Alabama:

> If there is no previous child custody determination that is entitled to be enforced under this part and a child custody proceeding has not been commenced in a court of a state having jurisdiction under §§ 36-6-216—36-6-218 [provisions applicable to the home state], a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 36-6-216—36-6-218.

There is no dispute in this case that the Circuit Court of Madison County, Alabama entered an order giving Father temporary custody of the children on November 29, 2016. At that point, the Williamson County circuit court lost jurisdiction and its subsequent decision is, therefore, null and void. *See Davis v. Davis*, No. M2005-02620-COA-R3-CV, 2006 WL 3751202, at *6 (Tenn. Ct. App. Dec. 20, 2006).

An appeal to circuit court from a juvenile court dependency and neglect proceeding is de novo. Tenn. Code Ann. § 37-1-159(a). Thus, the juvenile court's dependency and neglect determination was being tried anew in the circuit court. The circuit court lost jurisdiction when the state of Alabama assumed jurisdiction of the case on November 29, 2016. Both the juvenile court decision, which was under de novo appeal in the circuit court, and the post-November 29, 2016 circuit court decision are null and void. The children are now under the jurisdiction of the Alabama courts, and the questions presented in this appeal have become moot.

CONCLUSION

The appeal is dismissed, and costs of appeal are assessed against the Department of Children Services, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE