IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2018

## ADEDAMOLA OLAGOKI ONI v. CASSONDRA TUCKER ONI

**Appeal from the Circuit Court for Hamilton County**
No. 17D763      Ward Jeffrey Hollingsworth, Judge

_____

### No. E2017-01636-COA-R3-CV
_____

An adoptive father appeals the dismissal of his petition to have his Georgia-issued order of adoption enforced and his children placed in his custody, rather than in the care of their biological mother with whom they currently reside. The Hamilton County Court, pursuant to the Uniform Child Custody Jurisdiction Enforcement Act, communicated with the Superior Court for Fulton County, Georgia, where a custody petition filed by the biological mother was pending. The Georgia court, given its history with the parties, found that it was a more convenient forum, and the Hamilton County court dismissed Father's petition for lack of subject matter jurisdiction. Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Adedamola Olagoki Oni, Sandy Springs, Georgia, Pro Se.

Michael S. Jennings and William H. Vetterick, Chattanooga, Tennessee, for the appellee, Cassondra Tucker Oni.

### OPINION

Dr. Adedamola Oni ("Dr. Oni") is a resident of Fulton County, Georgia, and is the adoptive father of two minor children, pursuant to a Final Decree of Adoption entered in the Superior Court for Fulton County on February 15, 2017. The children reside in Tennessee with their biological mother, Cassondra Tucker Oni, who previously had a romantic relationship with Dr. Oni.[1] Dr. Oni filed a "Petition to Register and Enforce

_____

[1] According to the pleadings in this case, the parties were not married, but Ms. Oni took Dr. Oni's last name by petitioning a court for a name change.

Foreign Order of Adoption" in the Circuit Court for Hamilton County, Tennessee, on March 30, 2017, for the purpose of "obtain[ing] physical custody of the children from [Ms. Oni] who resides in Hamilton County[,] Tennessee." On April 21, Father filed a motion seeking emergency custody of the children and a temporary restraining order to prevent Ms. Oni from removing the children from Hamilton County. In its May 8, 2017 "Order Approving Emergency Custody to Petitioner and Temporary Restraining Order Against Respondent,"[2] the trial court granted Dr. Oni some of the relief he sought by enrolling the adoption decree and by "restrain[ing] and enjoin[ing] the Respondent or anyone on her behalf from removing the minor children from Hamilton County, Tennessee until further order of the court." The court did not grant emergency custody of the children to Dr. Oni.

Ms. Oni filed a motion to dismiss the action on May 25, arguing that the court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Tennessee Code Annotated section 36-6-201, et seq., due to the "pending child custody action involving the subject children in the Fulton County Superior Court." Ms. Oni attached a February 15, 2017 order from the Superior Court of Fulton County to her motion; the order recited that Ms. Oni is the current custodian of the children, that she had been awarded custody by an order entered March 9, 2012, when she was a resident of Georgia, and that she had filed a Petition to Establish Custody in the Georgia court on August 16, 2016.[3]

After consulting with the Fulton County court as required by the UCCJEA,[4] the Hamilton County court entered an order holding that it lacked subject matter jurisdiction to entertain any custody actions under Tennessee Code Annotated section 36-6-221 due to the Georgia court's conclusion that it was the more convenient forum. Consequently, the Hamilton County court dismissed Dr. Oni's Petition to Register and Enforce Foreign Order and struck the May 8 order that enrolled the adoption decree and restrained and enjoined Ms. Oni from removing the minor children from Hamilton County.

---

[2] This party-prepared order bears numerous strike-throughs by the Court; however, the title of the order was not changed and inaccurately reflects the actual relief awarded by the order.

[3] This order of the Fulton County court denied Dr. Oni's motion to dismiss Ms. Oni's petition for custody, holding that she had invoked the court's equity jurisdiction by raising "numerous issues and bases for considering her claim for custody of the children whom she has raised and who have been committed to her care by court order, despite the fact that the [Georgia] Court of Appeals has upheld their adoption by a third party stranger on procedural grounds."

[4] The Statement of the Evidence approved by the trial court recites that a telephonic conference was held on July 14, 2017, between Hamilton County Circuit Court Judge Jeff Hollingsworth and Fulton County Superior Court Judge Jane Barwick. Such a consultation between courts of different states is mandated by Tennessee Code Annotated sections 36-6-221 and -219(d).

2

Dr. Oni, proceeding *pro se*, appeals the dismissal of his petition. He raises three issues on appeal, all of which assign error to the trial court's application of the UCCJEA to the facts of this case. His argument, as best we can tell from his brief, is premised on his belief that the entry of the adoption decree in the Georgia proceedings ended that court's jurisdiction over the still-pending matter of custody.[5]

The UCCJEA is to be "liberally construed and applied to promote its underlying purposes and policies." Tenn. Code Ann. § 36-6-202. These purposes include "avoid[ing] jurisdictional competition and conflict with courts of other states in matters of child custody . . . ," "discourag[ing] the use of the interstate system for continuing controversies over child custody," and avoid[ing] relitigation of custody decisions of other states in this state." *Id.* The issue of whether a court has subject matter jurisdiction under the UCCJEA is a question of law, which we review *de novo,* with no presumption of the correctness of the trial court's decision. *Taylor v. McClintock*, No. M2013-02293-COA-R3-CV, 2014 WL 3734894, at *6 (Tenn. Ct. App. July 25, 2014) (citing *Button v. Waite,* 208 S.W.3d 366, 369 (Tenn. 2006)).

The provisions of the UCCJEA pertinent to this appeal are codified at Tennessee Code Annotated section 36-6-221(a) and (b); they read:

(a) Except as otherwise provided in § 36-6-219,[6] a court of this state may not exercise its jurisdiction under this part if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under § 36-6-222.

(b) Except as otherwise provided in § 36-6-219, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to § 36-6-224. If the

---

[5] Dr. Oni makes many statements in his appellate briefs which are unsupported by legal authority and attempts to argue that Tennessee was the home state of the minor children at the time the Petition for Custody was filed by him. However, he cites to no evidence in the record in support of his position, in contravention of Rule 27(a)(7)(A). Ms. Oni does not dispute that she has resided in Tennessee for several years; that fact, however, is not dispositive of the issue of which court should resolve the custody dispute.

[6] Tennessee Code Annotated section 36-6-219(a) provides the circumstances in which a Tennessee court may exercise temporary emergency jurisdiction: (1) "if the child is present in this state and the child has been abandoned" or (2) "it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." Neither Dr. Oni's petition nor his motion for emergency custody alleged facts that would have invoked the Hamilton County court's temporary emergency jurisdiction.

3

court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this part, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this part does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

The Statement of the Evidence provides:

> The Georgia Court noted that the litigation history was long and well rooted in its court, and that the litigation was still on-going at the time Petitioner filed his actions in the Tennessee trial court. The Georgia Court also noted that it had appointed a Guardian ad Litem who can look to the children's best interests. The Georgia Court determined that Georgia was the home state for the children and thus was the more convenient forum for the children.
>
> \*\*\*
>
> At the July 14, 2017 telephonic conference between Hamilton County Circuit Court Judge Jeff Hollingsworth and Fulton County Superior Court Judge Jane Barwick, Judge Barwick noted that she had already ruled that her "Final Order" entered after she consolidated the adoption and custody cases pending in her court was not a final order as to the custody of the subject children, which issue remains pending in her court.

In her motion to dismiss the proceeding, Ms. Oni notified the Hamilton County court of the custody proceeding pending in the Fulton County court; in compliance with section 36-6-221, the Hamilton County court stayed the instant proceeding and conducted a conference call, with counsel participating, with the judge in the Fulton County proceeding. Based on the Fulton County judge's determination that the custody litigation was ongoing, that Fulton County was the more convenient forum, and it should therefore retain jurisdiction, the Hamilton County court dismissed the case for lack of subject matter jurisdiction.

We discern no error and affirm the judgment dismissing Dr. Oni's petition.

_____
RICHARD H. DINKINS, JUDGE

4